**ST. LOUIS UNIVERSITY,
Plaintiff-Respondent,**

v.

**Sol F. CANTOR, Defendant-Appellant.**

**No. 51519.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 3, 1986.

Julius H. Berg, Dennis Buchheit, Clayton, for defendant-appellant.

Joseph F. Devereux, Jr., Timothy R. Barrett, St. Louis, for plaintiff-respondent.

STEPHAN, Judge.

Defendant Sol F. Cantor appeals from a circuit court order that enforces the non-competition clause of his employment contract with plaintiff St. Louis University and awards plaintiff $30,110.32 in attorneys' fees. He also appeals from an order awarding plaintiff attorneys' fees in connection with an action for civil contempt.

Plaintiff is a not-for-profit Missouri corporation. Defendant is an osteopath. In May 1985, plaintiff hired defendant to operate a medical practice it had purchased from a retiring physician. The practice was located at 4253 Reavis Barracks Road in St. Louis County.

Of the many obligations the written employment contract imposed on defendant, only two are pertinent to this appeal. These are defendant's duty to "apply for, obtain and retain membership in the medical staff" of St. Louis University Hospital, and his duty to refrain from practicing medicine within a ten mile radius of 4253 Reavis Barracks Road for one year following termination of his employment with plaintiff. Plaintiff asserts defendant has breached these duties and, accordingly, the contract. The circuit court agreed and granted plaintiff summary judgment enforced by a permanent injunction. We believe, however, that in finding a breach of contract upon the evidence adduced at trial the circuit court has erroneously applied the law.

Plaintiff and defendant were introduced to each other in March 1985 by Farris and Associates, a professional recruiting firm. Plaintiff had hired Farris to find a physician to staff its Reavis Barracks Road practice. Farris determined defendant met

plaintiff's basic requirements and forwarded defendant's curriculum vitae, or resume, to David Munz, an executive director in plaintiff's Health Services Division. Munz interviewed defendant. During the interview, Munz and defendant discussed the terms of the employment contract, including the employee's obligation to apply for and obtain membership on St. Louis University Hospital's medical staff, and his obligation not to compete with his employer. Munz offered defendant the position. Defendant accepted.

On May 16, 1985, defendant began practicing medicine at the Reavis Barracks Road office. On May 20, 1985, he submitted his application for medical staff membership to St. Louis University Hospital. The hospital extended defendant temporary staff privileges the same day. Plaintiff and defendant signed the written employment contract on May 30, 1985.

Defendant operated plaintiff's practice to plaintiff's satisfaction for the first few months of his employment. On September 25, 1985, however, Dr. Coy Fitch, acting chairman of St. Louis University Hospital's department of internal medicine, informed defendant his application for medical staff membership had been denied. Plaintiff characterized the denial as a breach of contract on defendant's part and informed defendant his employment was terminated.

After defendant left plaintiff's employ he began to see patients at the outpatient clinic at Alexian Brothers Hospital, which is located within a ten mile radius of 4253 Reavis Barracks Road. Plaintiff viewed this, and defendant's alleged interference with mail and phone service to its practice, as violations of the non-competition clause of the employment contract. On December 16, 1985, plaintiff petitioned the circuit court for a preliminary and a permanent injunction. Plaintiff also applied for, and that day obtained, a temporary restraining order which enjoined defendant from interfering in any way with communications between plaintiff's medical practice and its patients, and from maintaining any interest in, or being employed by, a medical practice

within a ten mile radius of 4253 Reavis Barracks Road prior to December 1, 1986.

On February 24, 1986, defendant was found in civil contempt of the temporary restraining order and was jailed. Plaintiff was awarded $3800.00 in attorneys' fees in connection with the contempt proceedings.

On March 18, 1986, the circuit court ordered the hearing on plaintiff's application for preliminary injunction and the trial on the merits of the petition for permanent injunction consolidated. Plaintiff presented its evidence then moved for summary judgment. Defendant appeals from the order granting the motion, from an April 29, 1986 order awarding plaintiff $30,110.32 for attorney's fees and costs incurred in connection with the action for permanent injunction, and from the order awarding plaintiff attorneys' fees in connection with the civil contempt proceedings.

Saint Louis University Hospital had denied defendant's application for medical staff membership ostensibly because defendant had failed to provide plaintiff with proof he was board certified or board eligible in family practice or internal medicine. Plaintiff at trial, however, produced no evidence that defendant entered into the employment relationship with the understanding that board certification or eligibility in one of these specialties was a prerequisite. In neither his curriculum vitae nor his application for medical staff membership did defendant indicate he was board certified or board eligible in a specialty, and plaintiff admits there is no evidence defendant deceived, or intended to deceive anyone as to his credentials.

■ The rule that dictates our decision in this case is a simple one. He who prevents a thing from being done may not avail himself of its nonoccurrence. *Cable v. Wilkins*, 352 S.W.2d 50, 53 (Mo.App. 1961). Plaintiff asserts defendant breached his contract when he failed to obtain membership on the St. Louis University Hospital medical staff. The failure, however, is one plaintiff, not defendant, occasioned. Defendant submitted an application for medical staff membership before

the written employment contract was signed. Plaintiff had the application in hand when it extended defendant temporary staff privileges. There is no allegation, and no evidence in the record, that the application was incomplete, inaccurate, or false. As we have stated, neither the application nor defendant's curriculum vitae indicated defendant was board certified or board eligible in a specialty.

The grant or denial of defendant's application for medical staff membership was a matter wholly within plaintiff's discretion and control. Therefore, once defendant submitted his application, his duty with respect to obtaining medical staff membership was discharged. The order granting plaintiff's permanent injunction is reversed.[1]

 The employment contract between plaintiff and defendant provided that in the event a party resorted to litigation to enforce the contract's terms, the "prevailing party" would be entitled to recover costs and reasonable attorneys' fees. On the basis of this provision the circuit court awarded plaintiff, the prevailing party below, $30,110.32 costs and attorneys' fees. To prevail, however, plaintiff must prevail ultimately. Plaintiff has not done so. Accordingly, the order awarding plaintiff costs and attorneys' fees in connection with the action for permanent injunction is reversed.

It is undisputed that defendant disobeyed the temporary restraining order the circuit court entered against him on December 16, 1985. Defendant was jailed for civil contempt and he tested the legality of his confinement by habeas corpus. This court upheld the judgment of contempt against a challenge that the restraining order had expired by its own terms before defendant "disobeyed" it. Defendant has not appealed from the civil contempt conviction. Instead he appeals from an order awarding plaintiff $3800.00 in attorneys' fees.

 The circuit court in a civil contempt proceeding may allow complainant reasonable attorneys' fees to be assessed against the contemnor. *R.E. Harrington v. Frick*, 446 S.W.2d 845, 849 (Mo.App.1969). Defendant does not challenge the amount of the award as unreasonable. The time for challenging the finding of contempt has expired. Defendant's final point is therefore denied.

The order granting plaintiff a permanent injunction is reversed. The order awarding plaintiff attorneys' fees in connection with the action for permanent injunction is reversed. The order granting plaintiff attorneys' fees in connection with the civil contempt proceedings is affirmed.

GARY M. GAERTNER, P.J., and SIMON, J., concur.

---

1. Plaintiff's refusal to grant defendant medical staff membership may amount to failure of a condition precedent. A "condition precedent" is an act that must be performed, or an event that must occur, after the contract is made, before the contract becomes effective. *Juengel Const.* *Co., Inc. v. Mt. Etna, Inc.*, 622 S.W.2d 510, 513 (Mo.App.1981). We need not, and cannot, decide the question on this record. It suffices to say defendant has committed no breach and the non-competition clause of the contract was improperly invoked against him.