In re Moses **STEIN,** Plaintiff,

Shmuel **KLEIN,** Plaintiff–Appellant,

v.

**ULSTER SAVINGS BANK,**
Defendant–Appellee.

No. 269, Docket 96–5133.

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1997.

Decided Oct. 20, 1997.

Shmuel Klein, Spring Valley, NY, for Plaintiff–Appellant.

Anthony Carlini, Law Office of Howard C. St. John, Kingston, NY, of counsel, for Defendant–Appellee.

Before: PARKER, ALTIMARI, and KEITH,* Circuit Judges.

PER CURIAM.

## I. BACKGROUND

Schmuel Klein is an attorney who was representing debtor Moses Stein. On November 15, 1993, Klein filed a Chapter 13 bankruptcy petition on Stein's behalf to stop the imminent foreclosure sale of Stein's residence by Ulster Savings Bank ("Ulster"). The foreclosure was automatically stayed pursuant to 11 U.S.C. § 362.

On March 10, 1994, Ulster moved to have the automatic stay lifted on the grounds that Stein had not made any post-petition payments on his mortgage. In response to this motion, Klein produced copies of three uncancelled checks as proof that Stein had made the post-petition mortgage payments.

---

* The Honorable Damon J. Keith of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

1. The portion of this finding regarding Bankruptcy Judge Gallet's presence at this section 341

Nonetheless, on March 15, 1994, Judge Bernstein lifted the stay, holding that the bank had made a *prima facie* demonstration that post-petition payments had not been made.

The District Court found that on May 17, 1994, Stein and Klein failed to appear at a section 341 meeting with Bankruptcy Trustee Jeffrey Sapir and United States Bankruptcy Judge Jeffrey Gallet. Klein contends that they failed to appear because Stein was ill and that they informed Trustee Sapir that they would be unable to attend the meeting. Sapir moved to have Stein's Chapter 13 petition dismissed for failure to prosecute and for failure to deposit funds with the trustee.[1]

On March 31, 1994, Stein moved before Judge Bernstein to reargue the lifting of the automatic stay. Judge Bernstein granted this motion and heard reargument on April 6, 1994. At no time did Klein inform Judge Bernstein that a motion to dismiss the petition was pending before Judge Gallet.

At reargument, Klein again produced copies of three uncancelled checks as proof that the post-petition mortgage payments had been made. This time, Ulster conceded that it had received the checks, but contended that it was not aware of this fact when it made its original motion to lift the stay. Ulster explained that when it received the checks, they were contained in a sealed, self-addressed, stamped envelope that was mixed among a pile of other documents that Klein sent to Ulster. Judge Bernstein stated that he would reimpose the automatic stay if Stein paid Ulster all post-petition payments due in full within one week. The court also sanctioned Klein in the amount of $500 to compensate Ulster for its costs and attorney's fees.

On April 7, 1994, Judge Gallet granted the motion to dismiss. Klein did not appear in response to this motion. He contends that his absence was due to excessive traffic en route to the court.

---

meeting is probably erroneous, as bankruptcy judges are not permitted to attend such meetings. *See* 11 U.S.C. § 341(c). However, the presence

On April 26, 1994, Klein filed a second Chapter 13 petition on behalf of Stein. This petition falsely represented that Stein had not filed a previous bankruptcy petition within six years.

Ulster moved for relief from the automatic stay or alternatively for dismissal of the petition. On June 8, 1994, Judge Bernstein heard argument on this motion and dismissed the second petition. Judge Bernstein found that the second petition—filed just eighteen days after the first petition was dismissed—violated 11 U.S.C. § 109(g). 11 U.S.C. § 109(g) provides:

> Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.

Judge Bernstein held that Stein's failure to appear at the section 341 meeting constituted a "failure to abide by an order of the Court." He further found that Klein filed the second petition with "personal knowledge that the debtor was ineligible to file under Section 109(g)(1) and that the new petition was interposed to delay the foreclosure." Judge Bernstein characterized Klein's behavior as "[making] a mockery of the prior proceedings and orders which this court has issued." Judge Bernstein then charged Klein with various acts of dishonesty and malfeasance in connection with Stein's bankruptcy petitions, including: (1) placing the mortgage payments in a sealed, self-addressed, stamped envelope and burying the envelope within a pile of papers; (2) lying about whether the post-petition mortgage payments had been made; (3) failing to appear at the section 341 meeting; (4) failing to inform Judge Bernstein, prior to reargument of Ulster's motion to lift the automatic stay, that the trustee's motion to dismiss the petition was pending before Judge Gallet; (5) failing to appear in response to the trustee's motion to dismiss before Judge Gallet; and (6) filing a second

petition in violation of § 109(g)(1). Based on this conduct, and acting pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, Judge Bernstein sanctioned Klein $2,500 for abuse of process.[2]

Klein appealed the imposition of sanctions to the district court. The district court agreed with Judge Bernstein that Klein's filing of the second bankruptcy petition constituted an abuse of the bankruptcy process. The court further concluded that Judge Bernstein did not abuse his discretion in imposing sanctions. Finally, the court held that it was not error for the bankruptcy court to impose sanctions without a hearing. It explained that while Congress expressly amended Fed.R.Civ.P. 11 in 1993 to require notice and an opportunity to be heard before the imposition of sanctions, it did not amend Rule 9011 to include such a requirement.

## II. DISCUSSION

In *Ames Dep't Stores, Inc. v. Zayre Cent. Corp,* 76 F.3d 66 (2d Cir.1996), we held that "due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." 76 F.3d at 70. In *Ames Dep't Stores, Inc.,* the district court, *sua sponte* and without notice, decided that the law firm of Skadden, Arps, Slade, Meagher & Flom was not entitled to any attorney's fees for its services in connection with a bankruptcy appeal. We remanded the case for a recalculation of the sanctions because "[n]othing in the . … case even approached a notice and opportunity to be heard before the district court ordered a denial of Skadden's requested fee." *Id.*

Although the district court in *Ames Dep't Stores, Inc.* did not expressly state that it was sanctioning Skadden, Arps pursuant to Rule 9011,[3] we clearly stated in that opinion that notice and an opportunity to respond is necessary prior to the imposition of "*any* kind of sanctions." *Id.* (emphasis added); *see Rounseville v. Zahl,* 13 F.3d 625, 632 (2d

---

or absence of Bankruptcy Judge Gallet at this section 341 meeting is of no significance to this Court's analysis of this appeal.

**2.** Judge Bernstein also imposed other fines to cover Ulster's expenses in responding to the sec-

ond bankruptcy petition. These fines are not at issue in this appeal.

**3.** The case was remanded in part to allow the bankruptcy court to specify the source of its authority to impose sanctions. *See Ames Dep't Stores, Inc.,* 76 F.3d at 70.

Cir.1994) (Rule 11); *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 936 (2d Cir. 1992) (28 U.S.C. § 1927); *see also Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir.1995) ("[T]he fundamental requirements of due process—notice and an opportunity to respond—must be afforded before any sanction is imposed.").

We now expressly extend this holding to cover sanctions imposed pursuant to Rule 9011. Therefore, because Klein had no notice or opportunity to be heard before the bankruptcy court imposed sanctions, we direct the district court to remand this matter to the bankruptcy court to give Klein an opportunity to respond to Judge Bernstein's charges. A full evidentiary hearing, however, is not required. *See International Ore & Fertilizer Corp. v. SGS Control Servs., Inc.*, 38 F.3d 1279 (2d Cir.1994) (finding no due process violation where attorney threatened with Rule 11 sanctions received no hearing but had notice and opportunity to respond); *see also Big Rapids Mall Assocs. v. Mutual Trust Life Ins. Co.*, 98 F.3d 926, 929 (6th Cir.1996) (upholding imposition of Rule 9011 sanctions where attorney had notice and an opportunity to respond by brief and oral argument); *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1018, 1027 (5th Cir.1994) ("Simply giving the individual accused of a Rule 11 violation a chance to respond through the submission of a brief is usually all that due process requires."); *cf. Jensen v. Federal Land Bank*, 882 F.2d 340, 342 (8th Cir.1989) (remanding case for a hearing where attorney was not given notice and an opportunity to respond before Rule 9011 sanctions were imposed).

Because we are vacating the sanctions order, we need not reach Klein's argument that the bankruptcy court's imposition of a $2,500 sanction constituted an abuse of discretion.

Vacated and remanded.