**In re Marina LEE, Debtor.**

**Marina Lee, Plaintiff,**

**v.**

**American Student Assistance Agency, Pennsylvania Higher Education Assistance Agency, Sallie Mae, Student Loan Service Center, Massachusetts Higher Education Assistance Corp., Eduserv Technologies, Inc., Mellon Bank, Mellon Del. St. and U.S. Department of Education, Defendants.**

**Bankruptcy No. 98–23812.
Adversary No. 98–2216.**

United States Bankruptcy Court,
D. Connecticut.

Sept. 8, 1999.

---

Marina Lee, Law Offices of Marina Lee, P.C., Old Saybrook, CT, Pro Se.

George M. Purtill and Seth Jacoby, Purtill, Purtill & Pfeffer, Glastonbury, CT, for Pennsylvania Higher Education Assistance Agency, Defendant.

*RULING ON DEFENDANT–PENNSYL-VANIA HIGHER EDUCATION AS-SISTANCE AGENCY'S MOTION FOR COSTS*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

Marina Lee ("the debtor") filed a Chapter 7 bankruptcy petition on August 21, 1998. On November 30, 1998, she filed pro se a complaint seeking a determination that her debt to Pennsylvania Higher Education Assistance Agency Corporation's ("PHEAA") (as well as such debts to other defendants) was a dischargeable student loan pursuant to Bankruptcy Code § 523(a)(8)(A). PHEAA, on March 3, 1999, filed an answer and special defense to the complaint. The defendant's pleading did not contain a request for costs in

the event the defendant prevailed. On April 28, 1999, PHEAA moved for summary judgment on the complaint. The debtor failed to respond, and the court, on May 21, 1999, granted PHEAA's motion and entered a judgment on the same date that the debt to PHEAA was not dischargeable.

On June 9, 1999, PHEAA filed the present motion for costs pursuant to Bankruptcy Rule 7054(b) ("the motion") in which it requests attorney's fees costs of $3,287.77 (including minor disbursements) incurred in defending the debtor's complaint. (Motion at 1.)[1] A hearing on the motion was held on August 3, 1999, after which both parties submitted post-hearing briefs.

## II.

The debtor, Charles Maglieri, Esq., ("Maglieri"), an attorney from whom the debtor sought advice on the nondischargeability issue, and Seth Jacoby, Esq., ("Jacoby"), an attorney who represented PHEAA, testified at the hearing. The debtor testified that when she filed her complaint for determination of dischargeability against PHEAA, she was unaware of the dates or significance of the forbearance agreements she had previously signed in connection with her student loan; that, on December 30, 1998, she received a document from PHEAA indicating that her student loan had been in repayment status for 6.4 years; that in January 1999, she consulted Maglieri; that, on or about March 19, 1999, she concluded, after meeting with Maglieri, that her claim lacked merit; and that thereafter she took no further action.

1. The defendant does not contest the timeliness of the motion.

2. Rule 7054(b) states:
   (b) *Costs*. The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed only to the extent permitted by law. Costs

Both Maglieri and Jacoby testified that, on or about January 28, 1999, Maglieri had told Jacoby that the debtor would be willing to withdraw her complaint or stipulate to a judgment of nondischargeability if her action had no merit. Jacoby sent Maglieri a letter on Februry 17, 1999 formally advising that Jacoby represented PHEAA. On or after February 22, 1999, Maglieri telephoned Jacoby and advised that the debtor was willing to stipulate to judgment when the date of her forbearance agreement was firmly established.

Maglieri, the debtor and Jacoby did not communicate further. On March 15, 1999, Jacoby began preparing on the motion for summary judgment, which was filed on April 28, 1999.

## III.

In its motion, in the memorandum of law accompanying its motion, and at the hearing, PHEAA argued that it was entitled to recovery of attorney's fees as costs solely under Fed.R.Bankr.P. 7054(b). In its post-hearing brief, PHEAA asks the court to consider an award of attorney's fees on four distinct grounds: under Fed. R.Bankr.P. 7054(b)[2]; as a sanction under the court's inherent powers; as a sanction under Fed.R.Bankr.P. 9011[3]; and as collection costs payable under the terms of the student loan agreement with the debtor.

The debtor, in her brief, contends that the court lacks "jurisdiction" to award attorney's fees under Rule 9011 or under a contract provision, since these grounds were not put in issue by PHEAA's motion. She further argues that "costs" recoverable under Rule 7054(b) are generally con-

may be taxed by the clerk on one day's notice; on motion served within five days thereafter, the action of the clerk may be reviewed by the court.

3. Rule 9011 is a lengthy rule providing that the court may impose sanctions against a person violating standards of ethical conduct in filing papers in a proceeding.

strued to exclude attorney's fees, and that those rare instances where attorney's fees were imposed under Rule 7054(b), or assessed in the exercise of the court's inherent power, involved bad-faith litigation or egregious conduct not present here.

## IV.

■ "Under the longstanding American Rule, attorney's fees are not ordinarily recoverable to the prevailing party absent a basis in statute or enforceable contract or unless imperative to further the interests of justice such as ... rectifying certain aggravated conduct like willful disobedience of a court order, bad faith or vexatious, wanton or oppressive behavior." *Members Credit Union v. Kellar (In re Kellar)*, 125 B.R. 716, 719 (Bankr.N.D.N.Y.1989); *see also Black's Law Dictionary* 82 (6th ed.1990) (similarly defining the "American Rule"). Noting that "costs" under 28 U.S.C. § 1920 and Fed.R.Civ.P. 54(d) do not include attorney's fees, the court in *Kellar* ruled that "Similarly, Bankr.R. 7054(b) ... does not generally encompass an award of attorney's fees absent exceptional circumstances demanding equitable redress... Therefore, [Bankruptcy] Code § 523(d) is the sole relevant statutory authority for fee-shifting in dischargeability actions in bankruptcy courts." *Kellar* at 719–20.

■ The rulings PHEAA primarily relies upon to justify an award of attorney's fees in this matter are readily distinguishable. *In re Roco Corp.*, 37 B.R. 770, 772–75 (Bankr.R.I.1984) concerned an insider's attempt to delay the distribution of assets by relitigating matters already determined by the bankruptcy court and upheld on appeal by both the Bankruptcy Appellate Panel and the First Circuit Court of Appeals. While it awarded attorney's fees, the court noted that, "Although Rule 7054 does not expressly provide for or deal with attorney's fees, a court of equity may consider attorney's fees as costs, provided that such judicial discretion is exercised with restraint." *Roco Corp.* at 775.

In *In re J & A Concrete Contractors, Inc.*, 58 B.R. 51, 53 (Bankr.W.D.Tex.1986), the court imposed attorney's fees as sanctions on a debtor's counsel who "knowingly" impeded the activities of the court. While citing Fed.R.Bankr.P. 7054(b) in support of its assessment of "costs," the court did not rely on Rule 7054(b) to support its award of attorney's fees, but on its "inherent power" to impose sanctions to ensure that its orders are complied with. *J & A* at 54.

In applying the standards applicable to the exercise of inherent powers, the Second Circuit has held that "sanctions are not appropriate unless the challenged actions are (1) entirely without color and (2) motivated by improper purposes, such as harassment or delay." *Milltex Industries Corp. v. Jacquard Lace Co., Ltd.*, 55 F.3d 34, 38 (2d Cir.1995) (citations and internal quotation marks omitted). The debtor's actions and inaction in this proceeding are those of an inattentive attorney[4], but the court concludes that they do not amount to egregious conduct.

Although the motion did not refer to Fed.R.Bankr.P. 9011, Rule 9011(c)(1)(B) permits the court to consider the imposition of sanctions thereunder *sua sponte*. Based on the evidence presented, the court does not consider such action appropriate.

■ The question of whether PHEAA might be entitled to recovery of attorney's fees as collection costs under a provision of the student loan agreement was raised for the first time in PHEAA's post-hearing memorandum. Fed.R.Civ.P. 7(b)(1), made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7007, requires a motion to "state with particularity the grounds therefor." The motion made no reference

---

4. At trial, but not in her post-hearing brief, the debtor asked the court, in judging the causes of her inaction, to take into account that she is a solo practitioner, and a single mother raising three minor children between the ages of ten and one.

to the contract provisions, the debtor has had no notice or opportunity to be heard regarding the contract provisions, and the contract itself was not offered in evidence at the hearing. The court will not, therefore, consider PHEAA's untimely claim that attorney's fees be granted on this ground.

## V.

### *CONCLUSION*

For the foregoing reasons, the court concludes that PHEAA's request for attorney's fees be denied. It is

SO ORDERED.