**In re Patrick W. REILLY, Betty–Ann D. Reilly, Debtors.**

**James W. Sherman, Plaintiff,**

v.

**Patrick W. Reilly, Betty–Ann D. Reilly, Defendants.**

**Bankruptcy No. 96–20102.**

**Adversary No. 96–2199.**

United States Bankruptcy Court, D. Connecticut.

Jan. 18, 2000.

James W. Sherman, Somers, CT, pro se.

Joel M. Grafstein, Farmington, CT, for Betty–Ann D. Reilly.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

The matters before the court in this adversary proceeding are motions, filed by a debtor-defendant as to whom a prior nondischargeability adversary proceeding has been dismissed, entitled (1) "Motion For Sanctions Pursuant To Bankruptcy Rule 9011" and (2) "Motion To Establish Costs In Accordance With B.R. 7054(B)." On November 23, 1999, the court held a hearing on the motions at which time the parties argued but neither party presented any evidence. The parties thereafter submitted post-hearing memoranda of law. The motions are based upon the following undisputed background.

### II.

### BACKGROUND

James W. Sherman ("Sherman"), on August 23, 1996, filed a pro se [1] complaint against Patrick W. Reilly ("Patrick") and Betty–Ann D. Reilly ("Betty–Ann") (together "the debtors") in the debtors' joint Chapter 11 case, commenced on January 16, 1996. The complaint asserted that the debtors were liable to Sherman for an unliquidated claim arising out of an alleged joint venture which included Sherman, the debtors and others, known as the "Ipswich Joint Venture," and that such claim would be nondischargeable under Bankruptcy Code §§ 523(a)(2)(A), (4) and (6).

Sherman also filed an amended proof of claim in the amount of $327,500 in the debtors' estate, based upon the same unliquidated cause of action asserted in the nondischargeability complaint. The court converted the debtors' estate to one under Chapter 7 on January 21, 1997, and Anthony S. Novak, Esq. was appointed Chapter 7 Trustee ("the Trustee").

The Trustee filed an objection to Sherman's proof of claim, and, on December 4, 1998 at the start of the hearing on the objection. Sherman withdrew his claim as to Betty–Ann. The hearing continued as to Patrick and, after four days of hearings, the court sustained the Trustee's objection and denied Sherman's claim in full.[2]

Betty–Ann through her attorney, on December 16, 1998, wrote to Sherman requesting that Sherman move to dismiss the nondischargeability complaint as to Betty–Ann, based upon Sherman's representation in the objection-to-claim hearing that Sherman asserted no claim against Betty–Ann. Sherman did not respond to this letter.

Betty–Ann, on August 24, 1999, filed a motion for summary judgment on the nondischargeability complaint, asserting that Sherman, having withdrawn his claim as to her, was no longer a creditor with standing to pursue a nondischargeability compliant. Sherman failed to respond to the motion, and the court, on September 17, 1999, granted the motion and dismissed Sherman's nondischargeability complaint as to Betty–Ann.

On October 27, 1999, Betty–Ann filed a motion for sanctions against Sherman under Bankruptcy Rule 9011, contending that the nondischargeability complaint "was not formed after reasonable inquiry and was not well grounded in fact, nor warranted by existing law or a good argument" and that Sherman's failure "to withdraw his complaint, despite demand after the withdrawal of his proof of claim was not warranted by existing law or a good faith argument." (Motion at —— 14, 15.) Betty–Ann requested as sanctions $2,206.00 for her reasonable attorney's fees,

---

1. Sherman is a practicing Connecticut attorney.

2. Sherman has appealed this ruling and the matter is pending with the Bankruptcy Appellate Panel for the Second Circuit.

($1,716.00 for the summary judgment motion and $300.00 for the instant motion). On the same day, Betty–Ann filed the second motion, making assertions similar to those in the Bankruptcy Rule 9011 sanctions motion, and seeking legal fees of $8,913.47 "in accordance with Bankruptcy Rule 7054(b)." (Motion at 4.)

## III.

## DISCUSSION

### A. Bankruptcy Rule 9011

■ The Second Circuit has repeatedly insisted that a court imposing sanctions specify the source of its authority and the standards applicable thereto. *See, e.g., In re Ames Dept. Stores, Inc.,* 76 F.3d 66, 70 (2d Cir.1996) ("Inasmuch as different sanction mechanisms—such as Fed.R.Civ.P. 11 (and its counterpart in bankruptcy proceedings, Bankruptcy Rule 9011), 28 U.S.C. § 1927, or the court's inherent authority to curtail abusive litigation practices—involve different substantive standards, we have repeatedly required courts to specify the source of their authority to impose sanctions.") (citations omitted). In her post-hearing brief on the motion seeking sanctions under Bankruptcy Rule 9011, Betty–Ann argues for the application of 28 U.S.C. § 1927 standards as well. However, because Sherman was not given notice and an opportunity to be heard with regard to such a claim, the court may not now consider it.[3] "An attorney whom the court proposes to sanction must receive specific notice of the conduct alleged to be sanctionable and the standard by which that conduct will be assessed, and an opportunity to be heard on that matter, and must be forewarned of the authority under which sanctions are being considered, and given a chance to defend himself against specific charges." *Sakon v. Andreo,* 119 F.3d 109, 114 (2d Cir.1997); *see also Klein v. Ulster Savings Bank (In re Stein ),* 127 F.3d 292, 295 (2d Cir.1997) (similarly interpreting due process requirements under Bankruptcy Rule 9011).

■ The Bankruptcy Rule 9011(c) motion requests the court to impose monetary sanctions under for violating Rule 9011(b) which provides:

By presenting to the court (whether by signing, filing, submitting, or alter advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

■ "This rule [Fed.R.Bank.P. 9011] parallels Federal Rule of Civil Procedure 11, containing only such modifications as are appropriate in bankruptcy matters. Accordingly, ... [the] court's application of Rule 9011 is informed by Rule 11 juris-

---

**3.** The court notes, however, that the imposition of sanctions under § 1927 requires "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Agee v.*

*Paramount Communications, Inc.,* 114 F.3d 395, 398 (2d Cir.1997) Betty–Ann has not carried her burden of proof with regard to either of these requirements.

**50**

prudence." *Baker v. Latham Sparrow-bush Assoc. (In re Cohoes Indus. Terminal, Inc.)*, 931 F.2d 222, 227 (2d Cir.1991). Rule 11, and, therefore, Bankruptcy Rule 9011 as well, do "not license a . . . court to sanction any action by an attorney or party that it disapproves of. . . . Imposition of sanctions must be based on a pleading, motion, or other paper signed and filed in federal court." *Sakon v. Andreo*, 119 F.3d at 115. "In order to impose a Rule 9011 sanction, a court must find that an attorney has submitted a claim that has no chance of success under existing precedents and that fails to advance a reasonable argument to extend, modify or reverse the law as it stands." *In re Cohoes*, 931 F.2d at 227.

Sherman's withdrawal of his claim against Betty–Ann per se did not imply that the claim lacked merit at the time the nondischargeability complaint was filed; only that he chose not to pursue it. Sherman has presented at least a colorable argument that, based upon his knowledge of the debtors' prior business activities, a court could conceivably find that the debtors were partners or joint venturers with respect to all their activities including the activities at issue. If Patrick's conduct in connection with the Ipswich project had been held to have been undertaken as an agent of such a partnership, then the debtors possibly could be found jointly and severally liable for any damages arising therefrom, even if, as Sherman later conceded, Betty–Ann's personal involvement in the Ipswich project did not give rise to a claim. Sherman's later withdrawal of his claim against Betty–Ann did not, on the record made, require a conclusion that his nondischargeability complaint, when filed, had been frivolous. *See, e.g. Metropolitan Air Service, Inc. v. Penberthy Aircraft Leasing Co.*, 648 F.Supp. 1153 (S.D.N.Y. 1986) (holding that sanctions were not appropriate for improperly naming a party as a defendant where the plaintiff's uncertainty as to the proper party was "reasonably related to the manner in which the defendants conducted themselves.").

█ Betty–Ann argues that the court should sanction Sherman for failing to file a motion to voluntarily dismiss the nondischargeability complaint as to Betty–Ann. While Bankruptcy Rule 9011, as amended in 1997, imposes a duty not to further advocate a claim once it has been proved unfounded, it imposes no affirmative duty to amend a complaint that was nonfrivolous at the time it was filed. The advisory committee note to the 1997 amendments states that, Bankruptcy Rule 9011 "is amended to conform to the 1993 changes to Fed.R.Civ.P. 11. For an explanation of these amendments, see the advisory committee note to the 1993 amendments to Fed.R.Civ.P. 11." The Advisory Committee Note to the 1993 amendments to Fed. R.Civ.P. 11 specifically states that, "Subdivision (b) *does not require a formal amendment to pleadings for which evidentiary support is not obtained,* but rather calls upon a litigant *not thereafter to advocate such claims* or defenses." (emphasis added). Although Sherman's withdrawal of his claim against Betty–Ann also mooted his nondischargeability complaint against her, he made no effort to subsequently pursue that complaint. While he did not respond to the request by Betty–Ann's attorney to voluntarily amend his complaint, he did not oppose Betty–Ann's motion for summary judgment, which resulted in a default judgment against him. Accordingly, the court concludes that Sherman's conduct does not justify the imposition of sanctions under Bankruptcy Rule 9011.

### B. Bankruptcy Rule 7054(b)[4]

█ This court has recently noted, in a decision concerning Bankruptcy Rule

---

4. Rule 7054(b) states:
  (b) *Costs.* The court may allow costs to the prevailing party except when a statute of the United States or these rules otherwise provides. Costs against the United States, its officers and agencies shall be imposed

7054(b), the heavy burden on parties who seek to obtain legal fees as costs in the absence of a statute or enforceable contract provision so providing. "Under the longstanding American Rule, attorney's fees are not ordinarily recoverable to the prevailing party absent a basis in statute or enforceable contract or unless imperative to further the interests of justice such as ... rectifying certain aggravated conduct like willful disobedience of a court order, bad faith or vexatious, wanton or oppressive behavior ... Similarly, Bankr.R. 7054(b) ... does not generally encompass an award of attorney's fees absent exceptional circumstances demanding equitable redress....Therefore, Bankruptcy Code § 523(d) is the sole relevant statutory authority for fee shifting in dischargeability actions in bankruptcy courts." *Lee v. American Student Assistance Agency (In re Lee ),* 239 B.R. 9 (Bankr.Conn.1999) (Citations and quotation marks omitted.) Betty–Ann makes no claim under Bankruptcy Code § 523(d) presumably because Sherman's claim does not qualify as a "consumer debt." The court finds that (1) Sherman's complaint, when filed, was nonfrivolous; (2) Sherman's subsequent voluntary withdrawal of the underlying claim against Betty–Ann, which rendered his nondischargeability complaint moot, involved no wrongdoing; (3) Sherman did not pursue the nondischargeability complaint against Betty–Ann after withdrawing his claim; and (4) Sherman was not obligated to voluntarily amend his complaint. The court concludes that Betty–Ann has not met her burden of proof that Sherman engaged in any conduct of the type necessary to give rise to an award of attorney's fees under Bankruptcy Rule 7054(b).

## IV.

### CONCLUSION

Upon the record made in the proceeding, the court concludes that Betty–Ann

only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice; on motion served within five days

has failed to carry her burden of proof that she is entitled to attorney's fees either under Bankruptcy Rule 7054(b) or Bankruptcy Rule 9011. Accordingly, both motions are denied. It is

**SO ORDERED.**

thereafter, the action of the clerk may be reviewed by the court.