# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

————————

## No. 02-6015EM

————————

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Donald Nangle, | * | |
| | * | |
| Debtor. | * | |
| | * | Appeal from the United States |
| Patricia A. Seimer, | * | Bankruptcy Court for the |
| | * | Eastern District of Missouri |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Donald Nangle, | * | |
| | * | |
| Defendant-Appellant. | * | |

————————

Submitted: July 9, 2002
Filed: August 13, 2002

————————

Before KRESSEL, DREHER, and FEDERMAN, Bankruptcy Judges.

————————

FEDERMAN, Bankruptcy Judge.

We previously remanded the issue of Patricia Siemer's request for attorney's fees. [1] On February 26, 2002, the bankruptcy court entered an order granting her request in the amount of $14,700.00 and declaring the judgment awarding such fees to be nondischargeable. Donald Nangle appeals from that judgment. We reverse.

_____

[1]*Siemer v. Nangle (In re Nangle)*, 257 B.R. 276, 289 (8th Cir. B.A.P. 2001).

BACKGROUND

On February 17, 2000, debtor-appellant Donald Nangle filed a Chapter 7 bankruptcy petition. On March 31, 2000, plaintiff-appellee Patricia Siemer filed an adversary proceeding alleging Nangle's obligations to her to be nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and (a)(7). Nangle's obligations to Ms. Siemer arise from an Illinois state court judgment for Nangle's violations of the Fair Debt Collection Practices Act and the Illinois Consumer Fraud and Deceptive Business Practices Act. The original judgment was entered on July 15, 1992. In a motion for summary judgment in this bankruptcy case, Ms. Siemer alleged that the amount of the Illinois state court judgment was $42,841.69.[2] That sum included the following: (1) Mental Distress, Embarrassment, Shame, & Humiliation: $6,000.00; (2) Deprivation of the Use of Property: $1,000.00; (3) Exemplary Damages: $20,000.00; (4) Attorney's Fees: $12,410.00; (5) Costs: $1,313.32; and (6) Attorney's Fees on Appeal: $2,118.37.

In order to collect that judgment, Ms. Siemer attempted to discover Nangle's assets in Missouri. To that end she noticed a deposition for October 29, 1999, and demanded that Nangle produce certain documents, which he failed to produce. On January 4, 2000, the Missouri court entered an order granting Ms. Siemer's motion to compel production and ordering Nangle to produce the withheld information within ten days. Instead, Nangle asked for a continuance, which the state court denied. Nangle did not comply with the motion to compel and Ms. Siemer filed a motion for contempt. Nangle failed to appear at the hearing on Ms. Siemer's contempt motion, and on February 17, 2000, the Missouri state court entered an order holding Nangle in contempt. The contempt order imposed a "compensatory fine" against Nangle in the amount of $40,723.32, plus interest at the rate of 9 percent per annum from July 16, 1992, until paid in full. While not clear from the documents submitted on this appeal, the compensatory fine imposed by the Missouri state court appears to eliminate the

---

[2]Appellant's Appendix, Ex. T, pg. 4.

$2,118.37 in attorney's fees for the appeal of the Illinois judgment ($42,841.69 minus $2,118.37 equals $40,723.32). And, the Missouri court did not award additional attorney's fees incurred in the contempt proceeding itself. At the time the Missouri court entered the contempt order it calculated the fine to be $68,547.95. Nangle filed his bankruptcy petition two hours after the Missouri court issued its order holding him in contempt of court.

On June 16, 2000, the bankruptcy court entered an order granting Ms. Seimer's motion for summary judgment, giving collateral estoppel effect to both the Illinois judgment and the contempt order. The bankruptcy court, thus, found that the debts were nondischargeable pursuant to 11 U.S.C. § 523(a)(6). The bankruptcy court did not address the 11 U.S.C. § 523(a)(7) claim. Nangle appealed that order. We affirmed the bankruptcy court's finding that Nangle was collaterally estopped from relitigating the matters that led to the Illinois judgment. We reversed, however, the grant of summary judgment as to the dischargeability of the Missouri judgment and remanded for trial on that issue and on Ms. Siemer's request for attorney's fees incurred in the bankruptcy proceeding. In so doing, we stated as follows:

> Siemer also requested that we remand the issue of her request for attorney's fees and costs, in the adversary proceeding, back to the bankruptcy court since the court did not rule on that request. We are unclear of the basis for her request, but the bankruptcy court may consider it on remand.[3]

Nangle appealed , to the Eighth Circuit Court of Appeals, the portion of our opinion that affirmed the bankruptcy court. On January 14, 2002, the Eighth Circuit affirmed the bankruptcy court's finding that both the Illinois judgment and the Missouri judgment were nondischargeable, thus reversing our finding as to the contempt judgment. The Eighth Circuit, however, did not disturb our order to the extent that it remanded for consideration of Ms. Siemer's request for attorney's fees. Ms. Siemer filed a motion for attorney's fees and a memorandum in support thereof. Following a hearing on February 4, 2002, the bankruptcy

---

[3] *Siemer v. Nangle (In re Nangle)*, 257 B.R. 276, 289 (8th Cir. B.A.P. 2001).

court granted Ms. Siemer's motion and entered judgment in her favor in the amount of $14,700.00. This appeal followed.

DISCUSSION

A bankruptcy appellate panel shall not set aside findings of fact unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.[4] We review the legal conclusions of the bankruptcy court *de novo*.[5]

In the United States the parties to litigation generally bear the cost of their own attorney's fees.[6] Under this "American Rule" it is improper to award attorney's fees incurred in litigation unless the right to such fees is set by statute or awarded by contract.[7] As Justice White wrote in *Alyeska Pipeline Service Company v. Wilderness Society*:

> Since the approach taken by Congress to [the] issue [of fee splitting] has been to carve out specific exceptions to a general rule that federal courts cannot award attorney's fees . . . those courts are not free to fashion drastic new rules with respect to the allowance of attorneys' fees to the prevailing party in federal litigation or to pick and choose among plaintiffs and the statutes under

---

[4]*Gourley v. Usery (In re Usery)*, 123 F.3d 1089, 1093 (8th Cir. 1997); *O'Neal v. Southwest Mo. Bank (In re Broadview Lumber Co., Inc.)*, 118 F.3d 1246, 1250 (8th Cir. 1997) (citing *First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir.1997)); Fed. R. Bankr. P. 8013.

[5]*First Nat'l Bank of Olathe, Kansas v. Pontow (In re Pontow)*, 111 F.3d at 609; *Sholdan v. Dietz (In re Sholdan)*, 108 F.3d 886, 888 (8th Cir. 1997).

[6]*Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602, 121 S. Ct. 1835, 1839, 149 L. Ed. 2d 855 (2001).

[7]*Key Tronic Corp. v. United States*, 511 U.S. 809, 819, 114 S. Ct. 1960, 128 L. Ed. 2d 797 (1994); *United States v. Mexico Feed and Seed Co.*, 980 F.2d 478, 490 (8th Cir. 1992); *Gaskill v. Gordon*, 942 F. Supp. 382, 384 (N.D. Ill. 1996); *Reed v. Reed*, 10 S.W. 3d 173, 181 (Mo. Ct. App. 1999). *See also Maxwell v. Maxwell*, 775 S.W.2d 576 (Mo. Ct. App. 1989) (holding that the party to a settlement agreement, who was forced to go to court to secure performance of the agreement, was entitled to attorney's fees if the agreement so provided).

4

which they sue and to award fees in some cases but not in others, depending upon the courts' assessment of the importance of the public policies involved in particular cases.[8]

The Bankruptcy Code, likewise, recognizes that attorney's fees incurred in litigating dischargeability issues are generally not recoverable in the absence of a contractual or statutory provision.[9]

In this case, Ms. Siemer obtained an award of attorney's fees as part of her Illinois court judgment. Both the Fair Debt Collection Practices Act[10] and the Illinois Consumer Fraud and Deceptive Practices Act[11] permit an award of attorney's fees and costs. And, according to Ms. Siemer's motion for summary judgment, the Illinois court did award her attorney's fees in the amount of $12,410.00, plus costs in the amount of $1,313.32.[12] Attorney's fees so awarded become part of the judgment and are, thus, nondischargeable, if the judgment is found to be nondischargeable.[13] But the amount of the fees must, of necessity, be calculated as of the time the judgment is entered in the state court.[14]

---

[8]*All American of Ashburn, Inc. v. Fox (In re Fox)*, 725 F.2d 661, 662 (11th Cir. 1984) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 269, 95 S. Ct. 1612, 1627, 44 L. Ed. 2d 141 (1975)).

[9]*Sherman v. Reilly (In re Reilly)*, 244 B.R. 46, 50 (Bankr. D. Conn. 2000).

[10]15 U.S.C. § 1692k(a)(3).

[11]Ill. Rev. Stat., Ch. 121 ½ (current version: 815 Ill. Comp. St. Ann. § 505/10(a) (1993)).

[12]Appellant's Appendix, Ex. U.

[13]*See Cohen v. De La Cruz*, 523 U.S. 213, 218, 118 S. Ct. 1212, 1216, 140 L. Ed. 2d 341 (1998) (holding that the discharge exception for fraud prevented discharge of all liability that arises from the fraud, including punitive damages and attorney's fees, if the damages and fees are provided for by statute in the underlying fraud action).

[14]*Claude A. Hinton, Jr., Inc. v. Institutional Investors Trust*, 211 S.E.2d 169, 171 (Ga. Ct. App. 1974).

In Missouri there is both statutory and case precedent to award attorney's fees in contempt proceedings. For example, a Missouri statute provides that the court may assess attorney's fees and costs against the offending party in a contempt proceeding to enforce visitation rights.[15] Missouri law also provides for attorney's fees and costs incurred in any suit brought to enforce a child support obligation,[16] or in a proceeding to enforce a judgment rendered in an adult abuse action.[17] In each of these statutes, it is within the discretion of the court to award attorney's fees and costs. And, even without statutory authority, Missouri courts have on occasion awarded attorney's fees in contempt proceedings.[18] The basis for that authority is the inherent power of courts to "do all things that are reasonably necessary for the administration of justice."[19] The fees at issue in this appeal, however, were not incurred in pursuing the contempt judgment, as the Missouri trial court chose not to award such fees. Instead, as the bankruptcy court found in its Memorandum Opinion, Ms. Siemer's request for attorney's fees in the amount of $14,700 was for "costs that she incurred in pursuing the dischargeability complaint in the Bankruptcy Court, the BAP, and the Court of Appeals."[20] Thus, we must look exclusively to bankruptcy law for the authority to award attorney's fees.

---

[15]Mo. Stat. Ann. § 452.400.7 (Supp. 2002).

[16]*Id.* at 452.355.2 (Supp. 2002).

[17]*Id.* at 455.075 (1997).

[18]*See, e.g., Missouri Hospital Assoc. v. Air Conservation Commission of the State of Missouri*, 900 S.W.2d 263, 267 (Mo. Ct. App. 1995); *St. Louis University v. Cantor*, 720 S.W. 2d 382, 385 (Mo. Ct. App. 1986); *Frankel v. Moskovitz*, 503 S.W.2d 428, 434 (Mo. Ct. App. 1973).

[19]*State ex rel. Gentry v. Becker, 174 S.W. 2d 181, 183 (Mo. 1943).*

[20]Appellant's Appendix, Ex. F.

Bankruptcy law is loath to award attorney's fees absent some basis in statute or contract.[21] There are four specific statutory provisions for the award of attorney's fees in the Bankruptcy Code. Section 506(b) permits an oversecured creditor its attorney's fees if the contract so provides.[22] Section 303(i) grants the bankruptcy court the discretion to award attorney's fees to the debtor in the event an involuntary petition is dismissed without the consent of the debtor.[23] Section 362(h) allows the court to award attorney's fees to a party injured by a willful violation of the automatic stay.[24] And section 523(d) provides that a debtor may recover its attorney's fees if a creditor brings a dischargeability proceeding that the court finds was not substantially justified.[25] Aside from these statutory provisions, there are two limited exceptions to the American Rule that, likewise, apply in bankruptcy proceedings. The first permits recovery of attorney's fees for a litigant who has bestowed a common benefit on a class or protected a common fund.[26] That exception is not relevant here. The second exception uses fee shifting as an equitable remedy to further the interest of justice and rectify certain aggravated conduct amounting to abusive or bad faith litigation practices.[27] Those bad faith litigation practices are more fully described as the willful

---

[21]*All American of Ashburn, Inc. v. Fox (In re Fox)*, 725 F.2d 661, 662 (11th Cir. 1984); *Sherman v. Reilly (In re Reilly)*, 244 B.R. 46, 51 (Bankr. D. Conn. 2000); *Lee v. American Student Assistance Agency (In re Lee)*, 239 B.R. 9, 12 (Bankr. D. Conn. 1999); *Members Credit Union v. Kellar (In re Kellar)*, 125 B.R. 716, 719 (Bankr. N.D. N.Y. 1989).

[22]11 U.S.C. § 506(b).

[23]*Id.* at § 303(i).

[24]*Id.* at § 363(h).

[25]*Id.* at § 523(d).

[26]*All American of Ashburn, Inc. v. Fox (In re Fox)*, 725 F.2d 661, 663 (11th Cir. 1984).

[27]*Id.*

disobedience of a court order, bad faith, or vexatious, wanton, or oppressive behavior.[28] There is nothing in the order before us to indicate that the bankruptcy court found Nangle's conduct during these dischargeability proceedings to be vexatious, wanton, or oppressive. And, there is no finding that he disobeyed an order of the bankruptcy court.

The bankruptcy court, in reliance on *Buffalo GYN Womenservices, Inc. v. Behn (In re Behn)*,[29] held that "attorney's fees incurred in the successful prosecution of a dischargeability complaint under Section 523(a)(6) for a contempt proceeding fully litigated in state court pre-petition should be held nondischargeable."[30] In *Behn* the creditor had obtained an award in federal district court for civil contempt damages and attorney's fees based on debtor's violations of a temporary restraining order prohibiting abortion protestors from blockading a women's health clinic.[31] When debtor later filed a bankruptcy petition, the creditor filed an adversary proceeding to have the contempt sanction declared nondischargeable. The bankruptcy court granted the creditor's motion for summary judgment, holding that the creditor could rest on the district court's finding that debtor's actions were willful and malicious.[32] In holding the debt to be nondischargeable, the bankruptcy judge also found that the attorney's fees incurred in connection with the dischargeability proceeding were, likewise, nondischargeable.[33] The bankruptcy court based its finding on the fact that the debt involved in *Behn* arose from the willful violation of a federal court order, and that the court

---

[28]*Reilly*, 244 B.R. at 51 (citing *Lee v. American Student Assistance Agency (In re Lee)*, 239 B.R. 9, 12 (Bankr. D. Conn. 1999).

[29]245 B.R. 444 (Bankr. W.D. N.Y. 2000).

[30]Appellant's Appendix, Ex. A.

[31]*See Buffalo GYN Womenservices, Inc. v. Behn (In re Behn)*, *242 B.R. 229,* 231 n.1 (Bankr. W.D. N.Y. 1991).

[32]*Id.* at 242.

[33]*Id.*

8

issuing such an order of contempt had awarded attorney's fees as part of its contempt judgment.[34] Therefore, the *Behn* court seemed to hold that a bankruptcy court could enhance the contempt court's award of attorney's fees to include those incurred when a debtor ends up in bankruptcy, but "does not concede dischargeability."[35]

In this case, however, the Missouri court chose not to award attorney's fees as part of its contempt judgment. Thus, the apparent rationale of *Behn* is not applicable. And, the bankruptcy court did not find that Nangle's actions in the bankruptcy court constituted the willful disobedience of a court order, or bad faith, or vexatious, wanton, or oppressive behavior. Therefore, there is no basis for abrogating the American Rule.

Finally, we note that the Federal Rules of Bankruptcy Procedure do provide a specific procedure for awarding attorney's fees against a party that files a pleading for an improper purpose such as harassment, to cause unnecessary delay, or to needlessly increase the cost of litigation.[36] That rule contains procedural safeguards to insure that fees are not awarded unless a party, and its counsel, are given notice of the specific pleadings and actions that the movant contends are sanctionable.[37] Ms. Siemer, however, did not file her motion pursuant to Rule 9011, and did not provide the notice required, therefore, we need not consider its applicability here.

For all of these reasons, we reverse the bankruptcy court's award of attorney's fees.

----

[34]*Id.*

[35]*Id.* at 242.

[36]Fed. R. Bankr. P. 9011.

[37]*See, e.g., In re Deville*, 2002 WL 1489397 * 11 (9th Cir. B.A.P. June 25, 2002) (stating that there must be a separate notice for sanctions, and that the notice must specify the authority for the sanctions, as well as the sanctionable conduct); *Halverson v. Funaro (In re Funaro)*, 263 B.R. 892, 901 (8th Cir. B.A.P. 2001) (holding that Rule 9011 requires the court to find that specific procedural requirements have been met).

A true copy.

Attest:

      CLERK, U.S. BANKRUPTCY APPELLATE PANEL,

      EIGHTH CIRCUIT