**In re Terri Lynne GJESTVANG, Debtor**

**and**

**In re Georgia Ann Fleischauer, Debtor.**

Nos. 4:05–bk–27532M, 4:05–bk–27856M.

United States Bankruptcy Court, E.D. Arkansas, Little Rock Division.

May 18, 2009.

John Alexander Flynn, Flynn Law Firm, Cabot, AR, for debtor.

Jo–Ann L. Goldman, Little Rock, AR, trustee.

### *ORDER*

JAMES G. MIXON, Bankruptcy Judge.

The issue in each of these cases is whether attorney's fees incurred in filing a motion to restrict public access on a claim should be assessed against the creditor. The law governing the award of attorney's fees is equally applicable to the facts of the two cases, so the Court has consolidated the resolution of these proceedings in the interests of judicial economy.

The Court has jurisdiction under 28 U.S.C. § 151 and § 1334. The pending matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and the Court may enter a final judgment in the cases.

## I.

## FACTS

### A.

### Terri Lynne Gjestvang

Terri Lynne Gjestvang (Gjestvang) filed for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on October 15, 2005. Green Tree Servicing, LLC (Green Tree) filed Claim 1 on October 20, 2005, and Claim 11 on January 25, 2006. Both claims had Retail Installment Contracts attached that contained the Debtor's full social security number. The plan was confirmed on March 20, 2006. On January 14, 2009, Gjestvang filed a Motion to Restrict Public Access to Claims 1 and 11 and sought payment of attorney's fees from Green Tree. The matter came on for hearing on February 20, 2009. At the hearing the parties agreed that both claims contained personal identifiers that should be restricted. The remaining issue was whether the attorney's fees should be assessed against Green Tree. The matter was taken under advisement and both parties filed briefs.

### B.

### Georgia Ann Fleischauer

Georgia Ann Fleischauer (Fleischauer) filed for relief under the provisions of Chapter 13 of the United States Bankruptcy Code on October 15, 2005. U.S. Bank, N.A. (U.S.Bank) filed Claim 8 on January 11, 2006. Attached to the claim was a Deed of Trust and a Note that contained the Debtor's full social security number. A plan was confirmed on March 23, 2006

and a modified plan was confirmed on September 23, 2008. On January 19, 2009, Fleischauer filed a Motion to Restrict Public Access to Claim 8 and sought payment of attorney's fees from U.S. Bank. A hearing took place on February 20, 2009. At the hearing the parties agreed to restrict the public access to Claim 8. The remaining issue was whether the attorney's fees should be assessed against U.S. Bank. The matter was taken under advisement and both parties filed briefs.

## II.

## ARGUMENT

The Debtors argue that the Creditors should bear the cost regarding the motions to restrict public access and that pursuant to 11 U.S.C. § 107(c)(1), 15 U.S.C. § 6801, 28 U.S.C. § 1927, Federal Rule of Bankruptcy Procedure 9037(a)(1), Federal Rule of Civil Procedure 5.2, 11 U.S.C. § 105(a), and/or General Order 24 they are entitled to attorney's fees.

The Creditors argue that each provision or rule does not apply and/or it does not give rise to a private right of action; therefore, the Debtors should bear their own attorney's fees.

## III.

## DISCUSSION

■ It has long been the rule in the United States that absent unusual circumstances, parties are not entitled to recover their attorneys fees from the opposing party, unless provided for in a contract or in a state or federal statute. *United States v. Mexico Feed and Seed. Co.*, 980 F.2d 478, 490 (8th Cir.1992)(citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 249–50, 95 S.Ct. 1612, 1617–18, 44 L.Ed.2d 141 (1975)); *In re Hunter*, 203 B.R. 150, 151 (Bankr.W.D.Ark.1996).

## A.

### 11 U.S.C. § 107(c)(1)

 Section 107 grants a court power to protect certain information to the extent the court finds that the disclosure would create an undue risk of identity theft.[1] Section 107 does not give rise to a private cause of action, but grants power to a court to restrict the filing of certain information, for cause. *Southhall v. Check Depot, Inc.*, 2008 WL 5330001, *2 (Bankr. N.D.Ala.2008); see also *French v. American General Financial Services (In re French)*, 401 B.R. 295 (2009)(stating that Congress did not intend for 107(c) to create a private right of action or to be remedial in any way). The court may strike the information under 107 as it did in both cases; however, attorney's fees cannot be awarded pursuant to section 107.

## B.

### 15 U.S.C. § 6801

 The Gramm–Leach–Bliley Financial Modernization Act was enacted in 1999 to "enhance competition in the financial services industry by providing a prudential framework for the affiliates of banks, securities firms, insurance companies, and other financial service providers, and for other purposes."[2] *French v. American General Financial Services (In re French)*, 401 B.R. 295, 310 (2009)(citing H.R. Conf. Rep. No. 106–434, at 245 (1999), U.S.Code Cong. & Admin.News 1999, p. 245). The regulations of this act are to be enforced by "the Federal function regulators, the State insurance authorities, and the Federal Trade Commission." 15 U.S.C. § 6805 (2006). The Eighth Circuit has found that the Gramm–Leach–Bliley Act does not provide a private right of action. *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir.2007) (citations omitted). Therefore, the Debtors cannot be awarded fees pursuant to Gramm–Leach–Bliley Act.

## C.

### 28 U.S.C. § 1927

 "A bankruptcy court may impose sanctions pursuant to 28 U.S.C. § 1927 if it finds that '[an] attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay.' "[3] *In re Spectee Group, Inc.*, 185 B.R. 146, 158 (S.D. New York 1995)(quoting *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d 222, 230 (2d Cir. 1991))(see also *Brown v. Mitchell (In re Arkansas Communities, Inc.)*, 827 F.2d 1219 (8th Cir.1987)(stating that it is ques-

---

1. Section 107(c)(1) provides:

 The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property: ·
 (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
 (B) Other information contained in a paper described in subparagraph (A).

2. 15 U.S.C. § 6801 provides in relevant part that, "each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and protect the security and confidentiality of those customers' nonpublic personal information."

3. 28 U.S.C. § 1927 provides that, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

tionable whether a bankruptcy court has jurisdiction under section 1927 to impose sanctions)). Section 1927 looks to unreasonable and vexatious multiplications of proceedings, imposing obligations on attorneys to avoid dilatory tactics, and requires a finding of bad faith. *In re Spectee Group, Inc.*, 185 B.R. 146, 158 (S.D. New York 1995) (citations omitted).

There was no proof offered of any bad faith. The Debtors' attorney even admitted in his argument that there was no bad faith saying, "I'm not suggesting that they acted with bad faith or that they were somehow intentionally trying to disclose my client's info. Clearly, that—I have no evidence of that and I don't believe that." (Gjestvang Tr. at 12.) 28 U.S.C. § 1927 does not apply to the cases at bar.

## D.

### Federal Rule of Civil Procedure 5.2 and Federal Rule of Bankruptcy Procedure 9037(a)(1)

 Federal Rule of Civil Procedure 5.2 provides that in an electronic or paper filing, only the last four digits of a social security number may be used. Federal Rule of Bankruptcy Procedure 9037 is derived from Federal Rule of Procedure 5.2 and is substantially similar to it.[4]

 Rules governing procedure in the federal courts do not give rise to a private cause of action. *Good v. Khosrowshahi*, 296 Fed.Appx. 676, 680 (10th Cir.2008)(citing *Living Designs, Inc. v. E.I. Dupont de*

*Nemours*, 431 F.3d 353, 372 (9th Cir.2005); *Digene Corp. v. Ventana Med. Sys., Inc.*, 476 F.Supp.2d 444, 452 (D.Del.2007); *Rogers v. Furlow*, 729 F.Supp. 657, 660 (D.Minn.1989)). Furthermore, Rule 5.2 and Rule 9037 did not become effective until December 1, 2007. Because the claims were filed between October 5, 2005, and January 25, 2006, the creditors could not have violated either rule, as they were not in effect at the time the claims were filed.

## E.

### 11 U.S.C. 105(a)

 Section 105(a) permits a court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. 105(a). Section 105 is a powerful tool at the disposal of bankruptcy courts; however, it cannot create substantive rights. *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir.2000). Section 105(a) may be invoked if the equitable remedy used is necessary to preserve a right provided for in the bankruptcy code, but it is not "a roving commission to do equity." *Bessette v. Avco Financial Services*, 230 F.3d 439, 444–445 (1st Cir.2000)(quoting *Chiasson v. J. Louis Matherne & Assocs.*, 4 F.3d 1329, 1334 (5th Cir.1993)). The Eighth Circuit enumerates four specific statutory provisions that provide for the award of attorney's fees in the Bankruptcy Code and two specific exceptions to the American Rule that also apply in bankruptcy proceedings.[5]

---

4. Federal Rule of Bankruptcy Procedure 9037 in relevant part provides that, "[u]nless the court orders otherwise, in an electronic or paper filing made with the court that contains an individual's social-security number ... a party or nonparty make the filing may include only the last four digits of the social security number...."

5. Section 506(b) permits an oversecured creditor its attorneys's fees if the contract provides; section 303(i) grants the bankruptcy court discretion to award fees to the debtor if an involuntary petition is dismissed without the debtor's consent; section 362(h) allows fees to a party injured by a willful violation of the automatic stay; and section 523(h) allows fees if a creditor brings a dischargeability proceeding that the court finds was not sub-

*Seimer v. Nangle (In re Nangle),* 281 B.R. 654, 658–659 (8th Cir. BAP 2002).

This Court, as the Debtors' attorney pointed out, has previously awarded attorney's fees pursuant to 105(a). See *In re Zepecki,* 224 B.R. 907 (1998). However, *Zepecki* is distinguishable because one of the exceptions to the American Rule applied because the offending party's behavior amounted to bad faith litigation practices. See *In re Zepecki,* 224 B.R. 907 (1998). No evidence of any bad faith litigation practices was offered in either case. Neither of the enumerated provisions nor the exceptions are applicable to this situation. Section 105(a) standing alone does not give a bankruptcy court the authority to award attorney's fees.

### F.

### General Order 24

■ Pursuant to General Order 24, parties are not to include or must partially redact social security numbers on all pleading filed with the court. General Order 24 became effective on December 1, 2003 and was enacted in compliance with the policy of the E–Government Act of 2002 (Pub.L. No. 107–347). The last sentence of General Order 24 states that "failure to comply with this order may result in the Court entering an Order to Show Cause." No Order to Show Cause has been issued in either case.

The Debtors' attorney argues that the violation of General Order 24 is enough for the Court to award fee shifting, as 11 U.S.C. § 105(a) authorizes a bankruptcy court to hold a party in civil contempt for

stantially justified. Of the two exceptions to the American Rule, the first exception allows attorney's fees to be awarded to a litigant who has bestowed a common benefit on a class or protected a common fund; the second exception uses fee shifting as an equitable remedy to further the interest of justice and rectify

failing to comply with an order. As discussed above, the only exceptions that allow for attorney's fees are when a litigant has bestowed a common benefit on a class, protected a common fund, or when bad faith litigation practices are employed. See *In re Nangle,* 281 B.R. at 658–659. There is no common benefit bestowed, no common fund protected, and no bad faith litigation practices have been found. The Court order may have in fact been disobeyed, but is was a mistake not of the kind and character that warrant the award of attorneys' fees. The Debtors are not entitled to attorney's fees pursuant to General Order 24.

### IV. CONCLUSION

The Court finds, based on the above reasoning, that the award of attorney's fees is not appropriate.

IT IS SO ORDERED.

certain aggravated conduct amounting to abusive or bad faith litigation practices. The bad faith litigation practices include willful disobedience of a court order, bad faith or vexatious, wanton, or oppressive behavior. See *In re Nangle,* 281 B.R. at 658–659.