In re Robert HALEY, Dawn Haley, Debtors.

Robert Haley, Plaintiff,

v.

Gorell Windows & Doors, LLC, a Pennsylvania limited liability company, Defendant.

Bankruptcy No. 9:08–bk–20621–ALP.
Adversary No. 9:09–ap–00103–ALP.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 13, 2009.

---

Carmen Dellutri, David W. Fineman, The Dellutri Law Group, PA, Fort Myers, FL, for Plaintiff.

Jill Locnikar Bradley, Cohen & Grigsby PC, Pittsburgh, PA, for Defendant.

***ORDER ON DEFENDANT'S MOTION FOR SANCTIONS (Doc. No. 22); PLAINTIFF'S RESPONSE AND COUNTER–MOTION FOR SANCTIONS TO DEFENDANT'S MOTION FOR SANCTIONS (Doc. No. 26); and PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT'S MOTION TO DISMISS (Doc. No. 24)***

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in the above-captioned Chapter 7 case of Robert and Dawn Haley (the Debtors) is Defendant's Motion for Sanctions (Doc. No. 22), Plaintiff's Response and Counter–Motion for Sanctions to Defendant's Motion for Sanctions (Doc. No. 26) and Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Strike Plaintiff's Supplemental Response to Defendant's Motion to Dismiss (Doc. No. 24).

The genesis of the present controversy presented by the Motion filed by the Defendant, who is seeking the imposition of sanctions against the Plaintiff, and the Debtor's Response to the Defendant's Motion for Sanctions, coupled with Debtor's Counter–Motion for Sanctions, began when the Plaintiff filed the above-captioned adversary proceeding and named Gorell Windows & Doors, LLC as the Defendant. (hereinafter, Gorell and/or Defendant). The facts relevant to the Motions under consideration as they appear from the record can be briefly summarized as follows.

Robert Haley (hereinafter, the Debtor and/or Plaintiff) instituted the above-captioned adversary proceeding against Gorell, in which he sought injunctive relief, actual, punitive and compensatory damages and sanctions pursuant to Sections 105 and 502 of the Bankruptcy Code and Rules 3007 and 9037 of the Federal Rules of Bankruptcy Procedure and other state, federal statutes and common laws. In addition to the foregoing, the Plaintiff pursuant to Fed.R.Civ.P. 38 made applicable to bankruptcy proceeding under Fed. R. Bankr.P. 9015(a), demanded a jury trial on all issues raised in his five-count Complaint.

The Debtor alleges in Count I of the Complaint that Gorell failed to redact the last four digits of his social security number when Gorell filed its proof of claim in the above-captioned Chapter 7 case of the Debtors. In this Count, the Debtor seeks, pursuant to Section 105 of the Bankruptcy Code, injunctive relief based on this Court's "inherent ability to enforce Court orders, rules, and to prevent an abuse of process." In Count II of the Complaint, it is the Debtor's contention that Gorell violated Rule 9037(a)(1)and(2), thereby causing damages to the Debtor by making his personal information publicly available and, therefore, noncompliance with this Rule could potentially give rise to a contempt action.

In Count III of the Complaint, the Debtor contended that Gorell "intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Debtor, by disclosing the debtor's personal nonpublic information." The Debtor further contended that based on the Defendant's unlawful conduct by failing to redact the Debtor's social security numbers on the its Proof of Claim, the Defendant is guilty of invading and intruding upon the Debtor's right to privacy. In addition to the forgoing, the Debtor further seeks damages for the mental anguish and distress that was caused by the Defendant's actions by knowing that his social security number and additional private information had been made available to the public. Based on the foregoing, the Debtor asserts that the Plaintiff is liable for "actual damages, punitive damages and legal fees and suit money" for Gorell's reckless conduct, willful and malicious conduct, a measure of punishment for wrongdoing on the tort for invasion of privacy recognized in the State of Florida.

The Debtor in Count IV of the Complaint sets forth a claim based on negligence. The Debtor contended that the Defendant owed the Plaintiff a duty of care, which the Defendant breached when it published nonpublic personal information about the Debtor. It was the Debtor's contention that he suffered and continues to suffer actual damages based on the factual allegations set forth in his Complaint.

In Count V of the Complaint, the Debtor sought, among other relief, an order from this Court for injunctive relief to disable the Proof of Claim filed by the Defendant within the PACER system so that the claim as filed would be inaccessible to any further members of the general public. In addition to the foregoing, the Debtor also requested that the Defendant be prohibited from filing any amended, modified or substitute claim in this Chapter 7 case of the Debtors.

In due course Gorell filed a Motion to Dismiss the Complaint (Doc. No. 6). The matter was duly heard by this Court, which entered its Order on Defendant's Motion to Dismiss Plaintiff's Complaint with Prejudice on June 12, 2009 (Doc. No. 19). This Court, in its Order dismissing the Plaintiff's Complaint held that in

Count I "the Plaintiff failed to plead an indispensable element required for the right to an injunction." That "there was nothing in the Complaint of any exceptions noted in Section 502" of the Bankruptcy Code that "specifically set forth the bases for disallowing a claim in Bankruptcy." The Court also noted that the "Plaintiff's request for declaratory relief fail[ed] to meet the requirements necessary to substantiate the Claim. . . ." In sum, based on this Court's conclusion, this Court found that it was satisfied that none of the Plaintiff's claims asserted in his five-Count Complaint stated grounds for which the relief sought could be granted and dismissed the Complaint with prejudice.

Based on the foregoing, Gorell on June 26, 2009, filed its Motion for Sanctions (Doc. No. 22). The Defendant's Motion for Sanctions seeks the imposition of sanctions on the attorney for the Debtor. Despite the Motion to Dismiss the Complaint being filed by the Defendant, the Plaintiff failed to withdraw any of his claims set forth in the Complaint and continued to pursue the same even after Gorell on May 21, 2009, served the appropriate notice and a copy of the Motion for Sanctions upon the Plaintiff and Debtor's counsel. Nonetheless, the Plaintiff or his counsel failed to respond to the Defendant's Motion for Sanctions within the 21 days provided for by the Rule 9011 of the Federal Rules of Bankruptcy Procedure. Accordingly, counsel for Gorell seeks the imposition of sanctions against the Plaintiff, Plaintiff's counsel and the law firm of Dellutri Law Group, P.A. for violation of Rule 9011.

On July 1, 2009, the Plaintiff filed his Response and Counter–Motion for Sanctions to Defendant's Motion for Sanctions (Doc. No. 26). In its Response and Counter–Motion, the Plaintiff contends that the Defendant's assertions that Plaintiff should have withdrawn the Complaint based on

the case law from other jurisdictions stating that no claim was stated is unfounded. It is the Plaintiff's contention that the Defendant, after being informed of this Court's recent decision prior to being served Defendant's Rule 9011 "safe Harbor" letter, failed to consider other cases showing Plaintiff's position was supported by then existing law and/or modification or extension of existing decision of this Court entered two weeks prior to the hearing on the Defendant's Motion to Dismiss. The Plaintiff further contends that Plaintiff's Supplemental Response to Defendant's Motion to Dismiss, filed on May 29, 2009, supported the Plaintiff's position that he had sufficient grounds to bring his claims against the Defendant.

■ Considering first the Defendant's Motion for Sanctions, this Court is satisfied and accepts the proposition urged by Debtor's counsel that there are several courts which have denied motions to dismiss based on similar circumstances. Therefore, this Court is satisfied that the imposition of sanctions would not be appropriate in as much as Debtor's counsel had some basis to assert the action, *albeit*, this Court rejected the claims stated in the Complaint.

■ Considering the Counter–Motion filed by Debtor, this Court is also satisfied that there is no basis to impose sanctions against counsel for the Defendant since it is based on the fact that Gorell's attorney who knew, or should have known, that the application of the Complaint was supported by material facts and supporting case law. In sum, having considered both Motions for Sanctions, this Court is satisfied that neither is warranted and, therefore, both Motions for Sanctions should be denied.

Concerning the Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Strike Plaintiff's Supple-

mental Response to Defendant's Motion to Dismiss (Doc. No. 24), this Court is satisfied that while Gorell's Motion to Strike was based upon United States District Court of the Middle District of Florida (District Court) Local Rule 3.05, it is clear that express provisions set forth in the District Court local rules are not applicable to bankruptcy courts by virtue of Bankruptcy Court Local Bank Rule 1001–1(d). However, in light of the fact that the case had been dismissed, the Motion for Reconsideration of Order Granting Defendant's Motion to Strike Plaintiff's Supplemental Response to Defendant's Motion to Dismiss (Doc. No. 24) is rendered moot and, therefore, it is unnecessary to grant the same.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Motion for Sanctions (Doc. No. 22) be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Counter–Motion for Sanctions (Doc. No. 26), be and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Plaintiff's Motion for Reconsideration of Order Granting Defendant's Motion to Strike Plaintiff's Supplemental Response to Defendant's Motion to Dismiss (Doc. No. 24) be, and the same is hereby, denied as moot.