In re Robert Gene DAVIS and Veronic A Jean Davis, Debtors.

Robert Gene Davis, Plaintiff,

v.

Eagle Legacy Credit Union, Defendant.

Bankruptcy No. 09–23625 SBB.
Adversary No. 09–01434 SBB.

United States Bankruptcy Court, D. Colorado.

June 21, 2010.

Tara E. Gaschler, Denver, CO, for Plaintiff.

Billy–George Hertzke, Stewart J. Pluss, James E. Goldfarb, Denver, CO, for Defendant.

## ORDER

SIDNEY B. BROOKS, Bankruptcy Judge.

THIS MATTER comes before the Court on Defendant's Combined Motion and Memorandum Brief in Support of Summary Judgment filed on January 29, 2010 ("Defendant's Motion for Summary Judgment"),[1] the Response thereto filed by Plaintiff on February 26, 2010,[2] and the Reply filed by Defendant on April 23,

---

1. Docket # 21.

2. Docket # 23.

2010.[3] The Court, having reviewed the file and being advised in the premises, makes the following findings, conclusions, and Orders:

## I. *Background*

Plaintiff/Debtor Robert Gene Davis and Co–Debtor Veronica Jean Davis filed their voluntary petition for bankruptcy under Chapter 13 on July 9, 2009. On July 23, 2010, Defendant Eagle Legacy Credit Union filed a proof of claim containing Plaintiff's Social Security number, driver's license number, and date of birth without redaction.[4] On July 26, 2010, Plaintiff filed an *ex parte* emergency motion to restrict public access to the proof of claim or to require the clerk to delink, disable or remove the proof of claim and/or its attachments. The Court granted the motion and entered an order on July 29, 2009, that restricted public access to the proof of claim.

On July 28, 2009, Plaintiff filed the instant adversary proceeding. In his Complaint, he pleads five causes of action, which he entitles (1) "objection to claim;" (2) "violation of the standard of care set by the Gramm–Leach–Bliley Act, 15 U.S.C. Subchapter I, § 6801–6809;" (3) "contempt of court and violation of federal district court and bankruptcy court orders and policies against disclosure of personal identifiers and personal data;" (4) "contempt of court and violation of rule of Federal Rule of Bankruptcy Procedure 9037 failure to redact nonpublic information;" and (5) "invasion of privacy and intentional or negligent infliction of emotional distress." With the first, third, and fourth causes of action Plaintiff asks the Court to find Defendant in contempt of court and sanction him for disclosing Plaintiff's personal information in violation of Rule 9037 of the Federal Rules of Bankruptcy Procedure and General Procedure Order 2003–4. Plaintiff asserts that in his second cause of action he seeks to hold Defendant liable for violating the standard of care set forth in the Gramm–Leach–Bliley Act.

Defendant seeks entry of summary judgment on all causes of action, arguing that Plaintiff has identified no evidence that establishes that he suffered an injury in fact and thus lacks standing to pursue any action against Defendant. Defendant also disputes that a private right of action exists under the Gramm–Leach–Bliley Act, or that an independent cause of action for civil contempt is available to Plaintiff. In addition, Defendant contends that the Court cannot disallow a creditor's claim as a sanction for failing to redact personal information.

## II. *Standard for Evaluating the Defendant's Motion for Summary Judgment*

Federal Rule of Civil Procedure 56(c), which is made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light

3. Docket # 53.

4. Complaint ¶ 9; Defendant's Motion for Summary Judgment at 7 ("Plaintiff's private information was handwritten in small writing on a document that was largely illegible.")

most favorable to the party opposing summary judgment—here, the Defendant.[5]

## III. *Discussion*

### A. Introduction

This Court has previously reviewed several complaints filed by Plaintiff's counsel in other bankruptcy cases, which are virtually identical to the complaint now before the Court. In reviewing these complaints, it appears that counsel may have not considered the concept of justiciability (the concept of standing in particular) or analyzed fully the distinction between motions practice and the filing of an adversary proceeding. Thus, the Court will address this as an initial matter.

### B. Standing

■ Article III of the Constitution limits the authority of the federal courts to deciding "Cases" and "Controversies."[6] "The case-or-controversy requirement is satisfied only where a plaintiff has standing."[7] There are several requirements for standing, all of which must be met in order for a federal court to adjudicate a case. Chief among these is the requirement that the plaintiff have suffered an "injury in fact,"—that is, "an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) actual or imminent, not 'conjectural' or 'hypothetical.'"[8] Thus, where a plaintiff cannot plead and demonstrate that there has been injury in fact, a court lacks jurisdiction to determine a matter.

■ In this case, Plaintiff has filed an adversary proceeding to address a legitimate concern—Defendant's failure to comply with Federal Rule of Bankruptcy Procedure 9037 and this Court's General Procedure Order 2003–4, which require the redaction of sensitive personal information from documents filed with the Court. However, Plaintiff has chosen to bring this matter to the Court's attention in a complaint, and thus must be able to demonstrate that he has standing to bring the claims. To establish standing, he must plead and articulate an injury in fact.

■ To this end, Plaintiff readily admits that he cannot prove that his personal information has been accessed by a third party, and that he cannot prove that his identity has been stolen. According to Plaintiff,

> The harm in this case is Defendant's blatant disrespect for the Court's own orders and the Bankruptcy Rules. Plaintiff's damages stem from the actions he has been forced to take to protect his personal information. These damages include attorneys' fees, as well as the cost of credit monitoring to ensure that if his information has fallen into the hands of a third party, he can act quickly to avoid injury to his credit.[9]

■ The Court has a different view from Plaintiff's the concept of injury in fact. First, to the extent that Defendant's "blatant disrespect" for Court orders and rules has produced any harm, that harm has been suffered by the Court—not plain-

**5.** *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Koch v. Koch Industries*, 203 F.3d 1202, 1212 (10th Cir.2000), *cert. denied*, 531 U.S. 926, 121 S.Ct. 302, 148 L.Ed.2d 242 (2000); *Wright v. Southwestern Bell Tel. Co.*, 925 F.2d 1288 (10th Cir.1991).

**6.** U.S. Const. art. III. § 2.

**7.** *Protocols, LLC v. Leavitt*, 549 F.3d 1294, · 1298 (10th Cir.2008) (quotations omitted).

**8.** *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

**9.** Response at 9.

tiff—and is the Court's to vindicate. Second, a substantial portion of Plaintiff's attorneys' fees arise not from Defendant's actions, but from the filing of this adversary complaint in an attempt to address a matter that might more properly be addressed by filing a motion for compliance or even a motion seeking issuance of an order to show cause why documents containing personal information were filed in contravention of Court Rules and Orders. Third, and most importantly, the harm Plaintiff asserts is not "actual" or "imminent," for there is no evidence that Plaintiff's personal information has been accessed or misused by an unauthorized third party during the six days when it was viewable by the public on PACER, nor that it will be. In the absence of such evidence, Plaintiff's need for credit monitoring is conjectural or hypothetical.[10] Thus, there is no injury in fact and Plaintiff lacks standing to bring any cause of action against Defendant. Summary judgment is proper on this ground alone.

## C. Causes of Action

Not only does Plaintiff fail to establish standing within the meaning of Article III, Plaintiff also fails to state cognizable claims that are appropriately addressed in an adversary proceeding.

---

**10.** Indeed, individuals regularly share their personal information, such as Social Security numbers, credit card numbers, and other identifiers, with third parties. A third party's possession of such information is not a harm in and of itself. Injury does not arise until a third party actually uses personal information for an improper purpose,

**11.** 11 U.S.C. § 105(a).

**12.** In the appropriate circumstance, this could include the Court's disallowance of a creditor's claim.

### 1. "Objection to Claim"

■ Plaintiff's purported First Cause of Action is entitled "Objection to Claim." However, the relief requested by Plaintiff is not so much a "cause of action" pursuant to 11 U.S.C. § 502 as it is a request that the Court exercise its powers under 11 U.S.C. § 105(a) to strike the claim as a sanction for Defendant's disclosure of her personal identifying information. Section 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.[11]

■ In asserting this "claim," Plaintiff properly raises concerns about the potential disregard of this Court's orders, a matter over which the Court may properly exercise its powers under section 105.[12] However, while 11 U.S.C. § 105(a) provides a means by which the Court may redress grievances such as Plaintiff's, *it does not afford private cause of action*[13] nor does it assert a proper basis for strik-

---

**13.** *See, e.g., In re Joubert*, 411 F.3d 452, 454– 455 (3d Cir.2005)(holding that section 105(a) does not afford a private cause of action and that Plaintiff's lone remedy for a violation of the bankruptcy code is a contempt proceeding pursuant to section 105(a) and affirming dismissal of cause of action pled under 11 U.S.C. § 105(a)); *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 92 (2d Cir.2003)(" '[Section 105(a) ] does not authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law …' ")(quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir.1986)).

ing a claim pursuant to 11 U.S.C. § 502. As such, Plaintiff's claims fails as a matter of law. Summary judgment under FED. R.CIV.P. 56 is granted.[14]

#### 2. Violation of the Standard of Care Set out by the Gramm–Leach–Bliley Act

Plaintiff's Second Cause of Action, entitled "Violation of the Standard of Care Set Out by the Gramm–Leach–Bliley Act, 15 U.S.C. Subchapter I, § 6801–6809," is pled such that any reasonable person reading it would understand it to mean that Plaintiff is seeking relief pursuant to that law. The Gramm–Leach–Bliley Act [15] emphasizes the need for protecting a consumer's privacy and confidentiality of nonpublic personal information. Consistent with that purpose, it also provides that the law and the regulations prescribed thereunder are to be enforced by federal and state authorities.[16] By its terms, however, the law does not create a private cause of action, nor is one implied.[17] No court has ruled to the contrary. Accordingly, Plaintiff lacks standing to pursue a claim under the Gramm–Leach–Bliley Act.

Plaintiff appears to recognize the deficiencies in his pleading, as he states in his Response,

> Plaintiff does not contend that the act provides a private right of action for him as a private citizen for a violation of the Act. However, he does contend that the Act establishes the requisite standard of care, which he alleges Defendant has violated. Plaintiff asks the Court to consider the standard of care established by this Act in determining whether Defendant has failed to comply with the requisite standard of care for the protection of Debtor's nonpublic personal information and private data.[18]

The problem with Plaintiff's argument is that he does not plead a claim into which he imports the standard set forth in the Gramm–Leach–Bliley Act; instead he pleads the matter as a separate cause of action when none exists.[19] If it were Plaintiff's intention to state a different cause of action, he should have done so. As Plaintiff concedes that there is no private right of action under the Gramm–Leach–Bliley Act, the Court grants summary judgment on this claim.

---

**14.** In previous cases, this Court was willing to construe this claim as a request that the Court exercise its power to sanction Defendant pursuant to 11 U.S.C. § 105. However, as Plaintiff's counsel has continued to submit the same poorly pled complaint over and over without modification, the Court is no longer willing to do so. In the future, any request that the Court exercise its power under section 105 must be made in the form of a motion.

**15.** 15 U.S.C. § 6801, *et seq.*

**16.** 15 U.S.C. § 6805, *et seq.*

**17.** *See, e.g., Dunmire v. Morgan Stanley DW, Inc.,* 475 F.3d 956, 960 (8th Cir.2007) ("No private right of action exists for an alleged violation of the GLBA."); *Bowles v. Carrigan,*

No. 03–WY–00804–RPM (KLM), 2007 WL 2527938 at *1 (D.Colo. Sept.5, 2007) (dismissing claim arising under Gramm–Leach–Bliley Act upon holding that the Act does not create a private cause of action).

**18.** Response at 2.

**19.** This Court has ruled consistently in this regard, and has done so in a number of cases in which Plaintiff's counsel was an attorney of record. Accordingly, Plaintiff's counsel should now be on notice that this claim is without merit and should not file any more complaints that plead causes of action under the Gramm–Leach–Bliley Act. If Plaintiff's counsel persists in doing so, however, the Court will not hesitate to issue an order to show cause why sanctions under Rule 11 should not enter.

### 3. Contempt of Court and Violation of Federal District Court Orders, Policies, and Procedures

In his Third and Fourth Causes of Action, Plaintiff seeks to assert claims for Defendant's alleged violation of Court orders and policies against the disclosure of personal identifiers and sensitive data, including Social Security numbers. The Court concludes that 11 U.S.C. § 107, Federal Rule of Bankruptcy Procedure 9037, and its own policies and procedures were implemented in order to protect individuals from having personal identifiers and personal data from public disclosure. However, because 11 U.S.C. § 107 does not provide for a private right of action [20] and because rules governing procedure in federal courts do not give rise to private causes of action,[21] Plaintiff does not properly state a claim for relief. Plaintiff's Third and Fourth Causes of Action, like his "Objection to Claim," could be construed as a request that the Court exercise its authority to enforce its policies, procedures, and orders, but are not appropriately treated as substantive claims for relief. Accordingly, Plaintiff's Third and Fourth Causes of Action fail as a matter of law. Summary judgment is granted under FED. R.CIV.P. 56.[22]

### 4. Invasion of Privacy and Intentional or Negligent Infliction of Emotional Distress

Plaintiff's Fifth Cause of Action for the torts of "Invasion of Privacy and Intentional or Negligent Infliction of Emotional Distress" is pled such that the Court is unable to ascertain what cause of action Plaintiff seeks to assert. "Invasion of privacy" "is a generic term for a number of separate torts,"[23] none of which is specified in the Complaint. Further, "infliction of emotional distress," whether intentional or negligent, is a separate and distinct tort from the category of torts that fall under the "invasion of privacy" heading, yet Plaintiff pleads emotional distress as if it constitutes a separate element of the supposed "invasion of privacy" claim. Plaintiff's Complaint simply does not comport with Rule 8(a)(2) of the Federal Rules of Civil Procedure, which requires that a claim for relief "contain a short a plain statement of the claim showing that the pleader is entitled to relief." Even putting that aside, however, Plaintiff has failed to identify any evidence in support of his allegations about the availability of his personal information to third parties. Further, Plaintiff has identified no evidence that any third party actually obtained or used his personal information. Therefore, Plaintiff's damages claim is too speculative to stand,[24] and summary judgment is ap-

---

**20.** *In re Gjestvang,* 405 B.R. 316, 320 (Bankr.E.D.Ark.2009)("Section 107 does not give rise to a private cause of action, but grants power to a court to restrict the filing of certain information, for cause.")

**21.** *Good v. Khosrowshahi,* 296 Fed.Appx. 676, 680 (10th Cir.2008) (citations omitted); *In re French,* 401 B.R. 295, 307 (Bankr.E.D.Tenn. 2009) ("Rule 9037 does not ... provide a private right of action for the relief sought by the Plaintiff to cancel the debt owed to the Defendant and/or assess sanctions against the Defendant for attaching documentation to the

Proof of Claim containing the Plaintiff's full social security number and birth date.")

**22.** Again, the Court is no longer willing to construe an improperly pled "cause of action" as a motion for sanctions. In the future, a request for sanctions or for issuance of a contempt citation should be addressed in a motion.

**23.** *Doe v. High–Tech Inst.,* 972 P.2d 1060, 1064–65 (Colo.Ct.App.1998).

**24.** *See Giampapa v. American Family Mut. Ins. Co.,* 64 P.3d 230, 244 (Colo.2003)(recog-

propriate.

## IV. *Order*

IT IS THEREFORE ORDERED that the Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that the trial scheduled for June 29, 2010, at 1:30 p.m., is VACATED.

nizing that damages are not recoverable where the fact of damages is uncertain).