In re Felita L. DUNBAR, Debtor.

Felita L. Dunbar, Plaintiff

v.

Cox Health Alliance, LLC a/k/a Cox Health Center and Cox Health, Defendant.

Bankruptcy No. 4:10–bk–12463.
Adversary No. 4:10–ap–1203.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 21, 2011.

Robert R. Danecki, Attorney at Law, Little Rock, AR, for Plaintiff.

Cox Health Alliance, LLC, Springfield, MO, pro se.

Jason C. Smith, Husch Blackwell LLP, Springfield, MO, for Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS

AUDREY R. EVANS, Bankruptcy Judge.

■ The Defendant's *Motion To Dismiss*, brief in support, and the Plaintiff's response and brief, are before the Court. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) and Federal Rule of Bankruptcy Procedure 7012 to dismiss the Plaintiff's *Complaint Seeking Injunctive Relief, Damages, Disallowance of Claim and Other Relief in a Core Adversary Proceeding.* The parties did not request oral argument. The Court has considered all the arguments of the parties, and for the reasons stated below, Defendant's Motion to Dismiss is granted. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has jurisdiction to enter final orders in this case.[1]

### FACTS

The Plaintiff filed a voluntary petition for bankruptcy under Chapter 13 on April 6, 2010. On August 9, 2010, the Defendant filed a proof of claim in Plaintiff's case for $1,423.21 in medical services and goods. On August 12, 2010, the Plaintiff filed a *Motion to Restrict Public Access to Proof of Claim of Cox Health (Claim # 27)* in her case-in-chief, and an *Order Granting Motion to Restrict Public Access* was entered the same day which caused the proof of claim at issue to be inaccessible to the public.[2]

Plaintiff filed this adversary proceeding on September 29, 2010, seeking actual and punitive damages, attorneys' fees and costs, and cancellation of the debt owed Defendant because the Defendant included the Plaintiff's date of birth and health information including medical procedure codes and treatment on its proof of claim in violation of the Court's General Order 24 and Federal Rule of Bankruptcy Proce-

---

1. Defendant states in its Motion to Dismiss that it denies this is a core proceeding and does not consent to the entry of final orders by this Court, but does not present any argument or authority to support this assertion in its motion or its brief supporting its motion. In any case, because the complaint in this case is based solely on an unredacted proof of claim filed by the Defendant in the Debtor's bankruptcy case, the Court finds this is a core matter. As explained by the Bankruptcy Court for the District of Connecticut:

 The Complaint seeks declaratory and monetary relief, as well as disallowance of the Defendant's claim, based solely upon the Defendant's inclusion of the Debtor's unredacted social security number in the Proof of Claim. Having thus arisen "in ... a case under title 11," all of the claims asserted in this proceeding are core matters which this Court may hear and determine pursuant to 28 U.S.C. § 157(b)(2)(A) and

 (B). *See, e.g. Russell v. Queen City Furniture (In re Russell),* 402 B.R. 188 (Bankr. N.D.Miss.2009) (claims arising out of failure to redact social security number in a proof of claim are core); *see also Bankruptcy Services, Inc. v. Ernst & Young, LLP (In re CBI Holding Co., Inc.),* 529 F.3d 432, 460 (2d Cir.2008) ("[b]ecause all of the claims asserted ... are integrally related to the Proof of Claim that [the defendant] voluntarily submitted against the estate, they are core proceedings....").

 *In re Cordier,* 2009 WL 890604, *1 (Bankr. D.Conn.2009).

2. The *Order Granting Motion to Restrict Public Access* ordered the Defendant to file a redacted version of the restricted document within 30 days of the entry of the Order. A review of the Court's docket reveals that the Order was not sent to the Defendant until December 15, 2010. The Defendant filed a redacted proof of claim on January 3, 2011.

dure 9037 which require creditors to redact such private information. The Plaintiff does not allege she has suffered any specific damage based on this disclosure of her private information, other than her emotional distress and attorneys' fees for filing the motion to redact, but maintains that the Plaintiff could potentially suffer identity theft and that her medical records could be misused. Defendant moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted.

## LEGAL STANDARD

■ The standard for dismissal under Federal Rule of Bankruptcy Procedure 7012(b)(6) is as follows:

A motion to dismiss for failure to state a claim will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 [81 L.Ed.2d 59] (1984); *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 176 [66 L.Ed.2d 163] (1980); *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102 [2 L.Ed.2d 80] (1957).... In appraising the sufficiency of a complaint for Rule 12(b)(6) purposes, the court must take the well-pleaded allegations of the complaint as true, and construe the complaint, and all reasonable inferences arising therefrom, most favorably to the pleader. *Westcott v. Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986). Nevertheless, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim. *See Westcott*, [901] F.2d at 1488 (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

*In re Russ*, 1997 WL 188449, at *1–2 (Bankr.D.Minn. Apr.18, 1997). Further,

When a dispositive issue of law precludes a plaintiff from being entitled to relief regardless of the allegations of fact, the plaintiff might prove, Rule 12(b)(6) authorizes a court to dismiss that plaintiff's claims. *Neitzke v. Williams* 490 U.S. 319, 326–327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). In order to streamline litigation and dispense with needless discovery and fact-finding, courts are required to dismiss legal claims that are destined to fail regardless of whether they are nearly viable. *Neitzke*, 490 U.S. at 326–27, 109 S.Ct. 1827 (stating "[n]othing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable.... [A] claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.").

*Ray v. American Airlines, Inc.*, 2008 WL 3992644, *3 (W.D.Ark.2008).

## DISCUSSION

In moving to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted, Defendant asserts: (1) that an objection to claim pursuant to 11 U.S.C. § 105(a) is not a recognized cause of action, and that in any case, the filing of an unredacted proof of claim is not cause for disallowing an otherwise valid claim; (2) that there is no private right of action affording Plaintiff relief under the Health Insurance Portability and Accountability Act ("**HIPAA**") (a point Plaintiff concedes); (3) that federal procedural rules requiring creditors to redact private data do not create private rights of action; (4) that the appropriate remedy for a violation of Federal Rule of Bankruptcy Procedure 9037 is redaction or restriction to

public access rather than damages, and the claim at issue in this case has already been restricted; and (5) that Plaintiff failed to plead a sufficient invasion of privacy claim under Arkansas law. Each cause of action will be addressed below except the HIPAA cause of action since Plaintiff concedes in her Complaint and in her response to the Defendant's Motion to Dismiss that there is no cause of action arising from a violation of HIPAA.

### *Plaintiff's First Cause of Action: Objection to Claim*

Plaintiff's first cause of action alleges that Defendant intentionally revealed to the general public the Plaintiff's private and sensitive data, nonpublic information and Individually Identifiable Health Information (as defined by HIPAA) in violation of the Court's General Order 24 and Federal Rule of Bankruptcy Procedure 9037 (both of which require the redaction of personal data identifiers), and that the Defendant should be sanctioned for disclosing such information under 11 U.S.C. § 105. Plaintiff asserts such sanctions should include the striking of the Defendant's claim with no opportunity to file a replacement claim, the cancellation of the debt owed Defendant, and an award of the Plaintiff's attorney fees and expenses for filing the objection to claim. Defendant maintains that there is no private right of action under 11 U.S.C. § 105, and that regardless of whether the Plaintiff can raise § 105 as a cause of action, the filing of an unredacted proof of claim is not one of the statutory grounds for disallowing an otherwise valid claim pursuant to § 502(a).

 Defendant is correct that 11 U.S.C. § 105(a) does not create a private cause of action. *See In re Davis,* 430 B.R. 902, 907 (Bankr.D.Colo.2010). However, because § 105(a) grants *the Court* the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," the Court may use § 105(a) to redress violations of its general orders, the Bankruptcy Code, or the Bankruptcy Rules through a contempt proceeding. In fact, General Order 24 specifically provides that the Court may issue an Order to Show Cause for noncompliance with its Order. As the court in *Davis* stated, ". . . while 11 U.S.C. § 105(a) provides a means by which the Court may redress grievances such as Plaintiff's [claims stemming from an unredacted proof of claim], *it does not afford private cause of action* nor does it assert a proper basis for striking a claim pursuant to 11 U.S.C. § 502." *Id.* at 907–908 (emphasis in original). *See also In re Joubert,* 411 F.3d 452, 454–55 (3rd Cir. 2005); *In re Dairy Mart Convenience Stores, Inc.,* 351 F.3d 86, 92 (2nd Cir.2003). Accordingly, although the Court could treat the Plaintiff's first cause of action as a request for the Court to take action under § 105(a), appropriate circumstances for such sanctions are not present in this case, as will be discussed in more detail in the contempt section below.

 An objection to claim is properly considered under 11 U.S.C. § 502, rather than § 105(a). Section 502 provides that a claim shall be allowed "except to the extent that" the claim falls into at least one of the nine enumerated exceptions listed in subparagraphs (1) through (9). If an objection does not set forth one of the exceptions set forth in § 502(b), the claim is to be allowed. *See Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 452, 127 S.Ct. 1199, 1205, 167 L.Ed.2d 178 (2007) (setting forth presumption "that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed"). There is no provision in § 502(b) for disallowing un-redacted claims. *See In re Barnhart,* 2010 WL

724703 (Bankr.N.D.W.Va.2010); *In re Cordier*, 2009 WL 890604, *3 (Bankr.D.Conn. 2009) (citing *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449, 127 S.Ct. 1199, 1204, 167 L.Ed.2d 178 (2007)); *French v. American General Financial Services (In re French)*, 401 B.R. 295 (Bankr.E.D.Tenn. 2009). Accordingly, the Plaintiff's First Cause of Action which seeks disallowance of the Defendant's claim based solely on its failure to redact fails to state a claim for relief and must be dismissed.

### Plaintiff's Third and Fourth Causes of Action: Contempt of Court

■ Plaintiff's third cause of action, titled "Contempt of Court and Violation of Federal District Court and Bankruptcy Court Orders and Policies Against Disclosure of Personal Identifiers and Sensitive Data" alleges that the Defendant is liable for actual damages, punitive damages, legal fees and costs based on the Defendant's failure to abide by General Order 24 and the Court's ability to enforce its own orders pursuant to § 105. Plaintiff's fourth cause of action titled "Contempt of Court and Violation of Federal Rule of Bankruptcy Procedure 9037 Failure to Redact Nonpublic Information" seeks the same damages for Defendant's failure to abide by Rule 9037. In a similar adversary proceeding,[3] *David and Amanda Garringer v. First Security Bank*, 4:09–ap–1143, this Court dismissed the same causes of action for contempt, stating as follows:

> Plaintiffs' first cause of action alleges that Defendant is in contempt of court for violating the Court's General Order 24, and seeks actual and punitive damages as well as attorneys' fees and costs

for Defendant's disclosure of their private information.

Plaintiffs do not specify whether they are pursuing civil contempt or criminal contempt. The Bankruptcy Court for the Western District of Missouri has described civil contempt as follows:

> "Civil contempt is a remedial sanction and is designed to obtain compliance with court orders or to compensate for damages resulting from non-compliance." [*In re Spanish River Plaza Realty Co., Ltd.*, 155 B.R. 249, 253 (Bankr.S.D.Fla.1993)]. A civil contempt order is coercive in nature and is fashioned in a way that is contingent on compliance with the order. [*In re McLean Indus., Inc.*, 68 B.R. 690, 695 (Bankr.S.D.N.Y.1986).] Compliance is "often accomplished by a purgation provision, whereby a civil contemnor may purge himself of contempt at any time by compliance." *Id.* This purge mechanism distinguishes civil from criminal contempt. *United States v. Ayer*, 866 F.2d 571, 573–74 (2nd Cir.1989).

*In re Mayex II Corp.*, 178 B.R. 464, 470 (Bankr.W.D.Mo.1995). Criminal contempt, on the other hand, is intended to punish the alleged contemnor and to vindicate the Court's authority. *See United States v. United Mine Workers*, 330 U.S. 258, 302–03 [67 S.Ct. 677, 91 L.Ed. 884] (1947) (citation omitted). In order to establish criminal contempt, it must be proven beyond a reasonable doubt that: (1) there was a violation by defendant; (2) of a clear and reasonably specific Order of this court; and (3) the violation was willful. *In re Downing*, 195 B.R. 870, 875 (Bankr.D.Md.1996) (citations omitted); 18 U.S.C. § 401(3).

---

3. With the exception of the first and second causes of action, the complaint filed in the

*Garringer* case is virtually identical to the complaint filed in this case.

*See also Wright v. Nichols,* 80 F.3d 1248, 1251 (8th Cir.1996). Further,

> "Willfulness" in contempt cases " 'means a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation of any order.' " *In re Mossie,* 589 F.Supp. 1397, 1409 (W.D.Mo.1984), *rev'd on other grounds,* 768 F.2d 985 (8th Cir.1985) (quoting *Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 782 (9th Cir.1983)). Willfulness may be inferred from the evidence. *In re Mossie,* 589 F.Supp. at 1409.

*Hubbard v. Fleet Mortg. Co.,* 810 F.2d 778, 781 (8th Cir.1987).

In this case, the Plaintiffs seek damages, not a remedial sanction. [Footnote omitted.] Accordingly, Plaintiffs must prove that Defendant is guilty of criminal contempt by proving that the Defendant's violation of General Order 24 was willful. Plaintiffs have alleged a total of four facts. First, General Order 24 was entered on November 24, 2003, and became effective on December 1, 2003. Second, three proofs of claim were filed shortly after entry of the general order, all on the same day, January 29, 2004. Third, two proofs of claims were filed on May 27, 2004 (still within one year of the entry of the general order). Fourth, the proofs of claim contained protected information. No additional facts are pled, and therefore, the Defendant's actions are not alleged to have been intentional or willful. [Footnote omitted.] Additionally, the Court notes that General Order 24 changed a long-established history of mandatory disclosure of protected information in order for a creditor to be paid by a debtor, and a creditor's mistake in following that established practice is not sufficient to establish criminal contempt of a court order.

Furthermore, there is no indication that the Court's authority in issuing General Order 24 need be vindicated due to the Defendant's violation in this case. As noted in Judge Mixon's opinion, *In re Gjestvang,* 405 B.R. 316 (Bankr.E.D.Ark.2009), where the plaintiffs moved for an award of attorney's fees and costs based in part on the defendants' alleged contempt of court in violating General Order 24, General Order 24 provides that the Court may issue an Order to Show Cause for noncompliance with its Order. In both that case and this case, no Order to Show Cause has been issued, and in this case specifically, no facts have been alleged that would cause the Court to issue one. The sensitive information has already been redacted, and there is no allegation the Plaintiffs in this case have suffered any actual damage due to identity theft or similar injury. In sum, like the *Gjestvang* case, personal information was included on a proof of claim that technically violated General Order 24; however, insufficient facts have been alleged to support a finding that this was the mistake "of the kind and character [to] warrant" relief. *Id.*

Just as in *Garringer,* this is a case where the unredacted proof of claim was removed from the public's access the same day the Debtor filed a motion to have its access restricted. In this case, this was accomplished three days after the proof of claim was filed. The Plaintiff also does not allege any facts other than an unredacted proof of claim was filed that violated General Order 24 and Rule 9037. Although Plaintiff states that such violation was willful, and that the Plaintiff has suffered damages, Plaintiff alleges no specific facts showing that the violation was willful or that the Plaintiff has actually suffered any monetary damages other than her attor-

neys' fees.[4] Consequently, the Court finds that the Plaintiff's third and fourth causes of action for contempt fail to state a claim upon which relief may be granted, and those claims are hereby dismissed.

### Plaintiff's Fifth Cause of Action: Invasion of Privacy

Plaintiff's fifth cause of action is a state law invasion of privacy claim. "An invasion of privacy claim in Arkansas incorporates the theories of (1) misappropriating the plaintiff's name or likeness for the defendant's commercial benefit; (2) intrusion upon seclusion; (3) public disclosure of private facts; and (4) false light in the public eye." *Steinbuch v. Cutler*, 518 F.3d 580, 590 (8th Cir.2008) (citing *Milam v. Bank of Cabot*, 327 Ark. 256, 937 S.W.2d 653, 657 (1997)). *See also Dodrill v. Arkansas Democrat Co.*, 265 Ark. 628, 637, 590 S.W.2d 840, 844 (1979) (quoting the Restatement (Second) of Torts, § 652A (1977)). Plaintiff specifically pleads that the Defendant "intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or [sic] private concerns or affairs of the plaintiff, by disclosing the personal nonpublic information." (Complaint, ¶ 54). Plaintiff also pleads that Defendant "intentionally and/or negligently caused harm to plaintiff's emotional well-being by engaging in this highly offensive conduct thereby invading and intruding upon plaintiff's right to privacy." (Complaint, ¶ 55).

In its Motion to Dismiss, Defendant asserts that Plaintiff's complaint does not specifically state for which of the four torts recognized in Arkansas as an invasion of privacy she is suing Defendant. Plaintiff responds that she specifically alleged causes of action constituting an unreasonable intrusion upon the seclusion of another (the first listed invasion of privacy tort as set forth in *Dodrill*) and unreasonable publicity given to the other's private life (the third listed invasion of privacy tort as set forth in *Dodrill*). The Court finds that paragraphs 54 and 55 of the Complaint include sufficiently specific language to state an invasion of privacy claim under Arkansas law, and accordingly, the Plaintiff's fifth cause of action is not dismissed on the basis that it fails to satisfy Federal Rule of Civil Procedure 8(a)(2) (made applicable to bankruptcy proceedings via Federal Rule of Bankruptcy Procedure 7008) (requiring a short and plain statement of the claim showing that the pleader is entitled to relief).

However, the act of filing an unredacted proof of claim does not constitute an unreasonable intrusion upon the seclusion of another as a matter of law because intrusion requires a specific intrusive action as opposed to disclosing private

---

4. *See e.g., In re Barnhart*, 2010 WL 724703 at *3 ("While the court has the authority to issue contempt orders in enforcing the redaction requirements under Rule 9037, and the act of violating Rule 9037 may, in some circumstances, give rise to contempt damages, *Haley v. Gorell Windows & Doors, LLC (In re Haley)*, 418 B.R. 467, 469 (Bankr.M.D.Fla.2009) (noting that "Rule [9037] could potentially give rise to a contempt action"), the court finds that the Debtors have not alleged sufficient facts to show that they are entitled to such relief in this case. In particular, the Debtors have already been granted a remedy under Rule 9037, and have alleged facts that show neither an act of contempt by the Bank, nor that the Debtors suffered damages sufficient to support a contempt award."). *See also In re Davis* 430 B.R. 902, 907 (Bankr.D.Colo. 2010) ("[A] substantial portion of Plaintiff's attorneys' fees arise not from Defendant's actions, but from the filing of this adversary complaint in an attempt to address a matter that might more properly be addressed by filing a motion for compliance or even a motion seeking issuance of an order to show cause why documents containing personal information were filed in contravention of Court Rules and Orders.").

information. *See Fletcher v. Price Chopper Foods of Trumann, Inc.*, 220 F.3d 871, 875–76 (8th Cir.2000) ("The tort consists simply of three parts: (1) an intrusion (2) that is highly offensive (3) into some matter in which a person has a legitimate expectation of privacy.") (citing *Williams v. American Broad. Cos., Inc.*, 96 F.R.D. 658, 669 (W.D.Ark.1983) (applying Arkansas law)).[5] Accordingly, the only remaining invasion of privacy claim under Arkansas law would be for the public disclosure of a private fact. Although there are few Arkansas cases discussing this tort, Arkansas courts have made clear that they follow the Restatement (Second) of Torts with respect to invasion of privacy claims. *See generally Dodrill, supra*, 265 Ark. 628, 637, 590 S.W.2d 840; *Dunlap v. McCarty*, 284 Ark. 5, 9, 678 S.W.2d 361, 364 (1984); *Fletcher*, 220 F.3d at 875. Section 652D of the Restatement, titled "Publicity Given To Private Life" provides:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
>
> (a) would be highly offensive to a reasonable person, and
>
> (b) is not of legitimate concern to the public.

Comment a. regarding the publicity requirement provides:

> The form of invasion of the right of privacy covered in this Section depends upon publicity given to the private life of the individual. "Publicity," as it is used in this Section, differs from "publica-tion," as that term is used in § 577 in connection with liability for defamation. "Publication," in that sense, is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public.

Plaintiff asserts that the electronic filing of the Defendant's unredacted proof of claim is a public dissemination of Plaintiff's personal identifiers and private medical information. In moving to dismiss Plaintiff's invasion of privacy claim, Defendant argues that because access to the Court's Case Management/Electronic Case Filing ("**CM/ECF**") system or the "Public Access to Court Electronic Records" ("**PACER**") database is limited, the electronic filing of an unredacted claim does not meet the publicity requirement contained in the Restatement. Numerous bankruptcy courts applying this section of the Restatement have likewise determined that the filing of a proof of claim on the Court's CM/ECF system, although available to the public, does not meet the publicity requirement. *See In re Matthys*, 2010 WL 2176086 (Bankr. S.D. Ind. 2010); *In re Carter*, 411 B.R. 730 (Bankr.M.D.Fla.2009); *In re Cordier*, 2009 WL 890604 (Bankr.D.Conn.

---

**5.** *See also Dunlap v. McCarty*, 284 Ark. 5, 9, 678 S.W.2d 361, 364 (1984) ("The Restatement (Second) of Torts § 652 B, Comment b, illustrations (1977), gives five examples of invasion of privacy by intrusion, which are briefly: a reporter takes plaintiff's picture in a hospital room against plaintiff's wishes; a detective looks into plaintiff's windows; a detective wiretaps plaintiff's phones; the defendant examines the plaintiff's bank records for evidence in a civil action; and the defendant, a professional photographer, telephones the plaintiff repeatedly to have her picture made. We find no case where such a cause of action was based on one or two phone calls.").

2009); *In re Southhall,* 2008 WL 5330001 (Bankr.N.D.Ala.2008); *In re Newton,* 2009 WL 277437 (Bankr.M.D.Ala.2009).

There are three ways a person may gain access to a document filed on the Court's CM/ECF system: (1) having a CM/ECF password which is given to attorneys licensed to practice law and registered with the Court (see Local Rule 5005–4 of the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas); (2) through the PACER system which requires a subscription and charges a user fee for access to most documents; and (3) by walking into the Bankruptcy Court during regular business hours and using the computers there made available to the public at no charge.[6] As explained by the Bankruptcy Court for the Northern District of Alabama, proofs of claim are "only available to parties who take affirmative actions to seek out the information." *In re Southhall,* 2008 WL 5330001 at *3. The Bankruptcy Court for the Eastern District of Tennessee, following the reasoning of *Southhall,* also pointed out that in order to access a proof of claim in a debtor's case, an individual would have to access the Debtor's claims register rather than the docket sheet for the Debtor's case, and then access the individual proof of claim itself. This process requires a certain working knowledge of how to maneuver within the Bankruptcy Court's CM/ECF system. This Court agrees with the *French* court's conclusion that, "[t]he simple fact that all documents filed in a bankruptcy case file are technically deemed 'public records' does not satisfy the 'publicity' element necessary to state a claim for invasion of privacy under [the Restate-

ment]." *In re French,* 401 B.R. 295, 318 (Bankr.E.D.Tenn.2009).

Just as in *French* and *Southhall* and other bankruptcy cases applying the Restatement, the Plaintiff does not allege that a member of the public has actually accessed and seen the unredacted proof of claim filed in her case. Additionally, given that the unredacted proof of claim was available on the CM/ECF docket for only three days, the Court finds it highly unlikely any member of the public would have accessed or seen the proof of claim. Accordingly, the Plaintiff has failed to allege facts sufficient to establish that the information in the unredacted proof of claim "reached or was sure to reach" the public at large as required by the Restatement which has been adopted by Arkansas Courts, and therefore, she fails to state a claim for invasion of privacy under Arkansas law and her invasion of privacy claim is dismissed.[7]

### CONCLUSION

For these reasons, the Court finds that the Plaintiff's Complaint fails to state a claim upon which relief may be granted, and therefore should be dismissed in its entirety. Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Dismiss is **GRANTED.**

**IT IS SO ORDERED.**

---

6. For a detailed description of how persons gain access to the CM/ECF system, PACER, and court documents in general, see *In re French,* 401 B.R. 295, 317 (Bankr.E.D.Tenn. 2009).

7. Having determined that Plaintiff failed to state a claim for invasion of privacy under Arkansas law, the Court need not address the Defendant's argument that Plaintiff's claim failed to plead specific damages.